GILMAN W. BROWN *vs.* ANNA W. BROWN.

Essex. November 15, 1910. — January 3, 1911.

-Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Marriage and Divorce,* Decree *nisi,* General order. *Rules of Court. Statute,* Construction.

R. L. c. 152, § 18, is as follows: "Decrees of divorce shall in the first instance be decrees *nisi,* and shall become absolute after the expiration of six months from the entry thereof, unless the court before the expiration of said period, for sufficient cause, upon application of any party interested, otherwise orders." Divorce Rule 6 is as follows: "At any time before the expiration of six months from the granting of a decree of divorce *nisi,* the libellee, or any other party interested, may file in the office of the clerk for the county in which the libel is pending, a statement of objections to an absolute decree, which shall set forth specifically the facts on which it is founded, and be verified by affidavit. Such decree shall not become absolute until such objections have been disposed of by the court." *Held,* that this rule of court is not in conflict with the statute, but on the contrary is an order made under the statute by all the judges of the Superior Court in adopting the rule, and that there is nothing in the statute which requires a special order in each case rather than a general order applicable to all cases of a certain class. Therefore, where a decree *nisi* has been made and objections to an absolute decree are filed under the rule before the expiration of six months from the granting of the decree *nisi,* such decree does not become absolute under the statute at the expiration of the six months.

KNOWLTON, C. J. On September 16, 1904, the libellant in this case obtained a decree of divorce *nisi* on account of adultery of the libellee. On February 18, 1905, the libellee filed objections to an absolute decree, properly supported by an affidavit averring condonation of the adultery by the libellant since the entry of the decree *nisi,* by his cohabitation with the libellee on numerous occasions. On January 1, 1907, the libel was dismissed.* The case comes before us upon exceptions, and upon an appeal from an order † denying a motion, made long afterwards, for the entry of a decree absolute. We need not consider the other libels that have been brought by the libellant at different times since the entry of the first decree, nor the other motions and orders that have been made in the case. The fundamental

* By *DeCourcy,* J. A later order of "Libel dismissed" was made by *Lawton,* J., on March 25, 1909.

† Made by *Bell,* J.

question is whether, by force of the statute, the decree *nisi* became absolute at the expiration of six months, notwithstanding the filing of objections by the libellee.

The R. L. c. 152, § 18, is as. follows: "Decrees of divorce shall in the first instance be decrees *nisi*, and shall become absolute after the expiration of six months from the entry thereof, unless the court before the expiration of said period, for sufficient cause, upon application of any party interested, otherwise orders." After the enactment of this statute the Superior Court adopted Divorce Rule 6, which is in these words: "At any time before the expiration of six months from the granting of a decree of divorce *nisi*, the libellee, or any other party interested, may file in the office of the clerk for the county in which the libel is pending, a statement of objections to an absolute decree, which shall set forth specifically the facts on which it is founded, and be verified by affidavit. Such decree shall not become absolute until such objections have been disposed of by the court." The action of the Superior Court in this case was in accordance with the rule.

The question is whether the rule is in conflict with the statute. By the application of this rule, was there an order of the Superior Court, properly applicable to the case, which prevented the decree from becoming absolute after the expiration of six months from the entry thereof?

The rule in terms covers the case. It was intended to cover such cases. We have not only the action of three judges of the Superior Court in the present suit in accordance with it, each acting independently when the case came before him, but we have the original joint action of all the judges of that court establishing the rule, which creates a very strong presumption in favor of its validity. It first prescribes a possible method of practice for making the application referred to in the statute. This may be by a statement of objections, setting forth specifically the facts on which it is founded, verified by affidavit. This does not deprive a party of his right to make an application for an order in any other proper way, under the statute. It is in the nature of a general order, applicable to all cases in which such a statement is made, that the statement shall be a sufficient cause for a hearing before the decree shall become absolute. It is a gen-

eral order, applicable to all such cases, that the decree shall not become absolute until after a hearing and disposition of the objections.    Every element that enters into the rule is in exact accordance with the spirit and purpose of the statute.  Its effect is perfectly to carry out the intention of the Legislature.  A general order that in every case such a statement shall be a sufficient cause for a hearing, and for postponing the absolute effect of the decree until after the hearing, is unobjectionable. ˙ There is no occasion for a special hearing upon that subject and a special order to that effect in each case, as distinguished from a general order covering all such cases.    This being so, there is no reason for a special order in each case that the decree shall not become absolute until the objections are disposed of, as distinguished from a general order of that purport, applicable to all such cases.

It remains to inquire whether there is any formal or technical requirement that an order under this statute shall be a special order for each case, rather than a general order applicable to all cases of a certain class.  We know of none.  A general order applicable to cases of this class meets the language and object of the statute, as well as a special order.

The decree *nisi* did not become absolute by lapse of time after the statement of objections was filed.

*Exceptions overruled*; *order affirmed.*

The case was submitted on briefs.

*W. S. Peters, H. J. Cole & F. H. Tilton,* for the libellant.

*H. Parker & R. Walcott,* for the libellee.