HARRIETT ANN TEMPLER *vs.* WILLIAM L. TEMPLER, JR.

Plymouth.   February 3, March 18, 1964. — April 6, 1964.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Divorce*, Rehearing, Decree absolute.   *Probate Court*, Rehearing.   *Time*.

Objections to a decree nisi of divorce becoming absolute, filed on August 14 next following entry of the decree nisi on February 14, were filed within six months from the entry of that decree.   [270–271]

Under G. L. c. 208, § 21, and Rule 45 of the Rules of the Probate Courts (1959), the seasonable filing of a statement of objections to a decree nisi of divorce becoming absolute prevents the decree becoming absolute so long as the objections are undisposed of.   [271]

Where a judge of a Probate Court allowed objections to a decree nisi of divorce becoming final, but a second judge later undertook to allow a motion to strike the objections and to enter a decree absolute on the mistaken assumption that the objections had not been previously acted upon and without intention to reëxamine the rulings of the first judge, the rulings made by the second judge were set aside upon appeal as inadvertent and wholly unintentional and in the circumstances the case was remanded to the Probate Court for further proceedings.   [273–274]

LIBEL for divorce filed in the Probate Court for the county of Plymouth on December 21, 1960.

An order was entered on November 28, 1961, by *Sullivan, J.*   Orders were entered on October 24, 1962, by *Stone, J.*, from which the libellee appealed.

*Jerome W. Baird* for the libellee.

*Robert W. MacDonald,* for the libellant, submitted a brief.

WILKINS, C.J.   A decree nisi for divorce was granted to the libellant, the wife, on February 14, 1961, by the Probate Court, Plymouth County.   On June 15, 1961, the libellee filed a petition to modify that decree, alleging that on or about March 4, 1961, the libellant entered into a new marriage in Jackson, Michigan.

On August 14, 1961, the libellee filed "objections to the entry of a final decree," one ground being that within the time prohibited in the decree nisi the libellant on or about March 4, 1961, purported to contract a new marriage.   "De-

crees of divorce shall in the first instance be decrees nisi, and shall become absolute after the expiration of six months from the entry thereof, unless the court within said period, for sufficient cause, upon application of any party interested, otherwise orders." G. L. (Ter. Ed.) c. 208, § 21.[1] The objections filed on August 14, 1961, were within the six months' period. *Boston Penny Sav. Bank* v. *Assessors of Boston,* 314 Mass. 599.

Rule 45 of the Rules of the Probate Courts (1959), entitled "Objections to Decree Becoming Absolute," provides: "At any time before the expiration of six months from the granting of a decree of divorce nisi, the libellee, or any other person interested, may file in the Registry of Probate a statement of objections to the decree becoming absolute, which shall set forth specifically the facts on which it is founded and shall be verified by affidavit. Notice of the filing of said objections shall be given to the libellant or libellee or his attorney not later than the day of filing said objections, and an affidavit of such notice shall be filed together with the objections. The decree shall not become absolute until such objections have been disposed of by the Court. If said petition to stay the decree absolute is subsequently dismissed by the Court the decree shall become absolute as of six months from the date of the decree nisi." See Rule 84 of the Superior Court (1954).

General Laws (Ter. Ed.) c. 208, § 21, is substantially like R. L. c. 152, § 18, which was before this court in *Brown* v. *Brown,* 207 Mass. 254. Rule 45 contains, at least, substantially all that was in Divorce Rule 6 of the Superior Court (1906), which was also considered in the *Brown* case, where it was held that the rule was not in conflict with the statute, and that the filing of a statement of objections within six months prevented a decree nisi from becoming absolute. At pages 255–256, it was said, "It is a general order, applicable to all such cases, that the decree shall not become absolute until after a hearing and disposition of the objections." See *Diggs* v. *Diggs,* 291 Mass. 399.

---

[1] Amendment by St. 1934, c. 181, § 1, is immaterial.

The statement of objections was not in full compliance with Rule 45. It was not verified by affidavit, and there was no affidavit of notice to the wife. Whether there was in fact such notice we have no way of knowing. Annexed to the statement of objections was a record of a marriage on March 4, 1961, of the libellant to her former husband, William R. Punschke, certified by the clerk of the County of Jackson, Michigan, and of the Circuit Court thereof.[1]

On November 28, 1961, the probate judge of another county, sitting in the county of Plymouth (the first judge), indorsed upon the objections filed on August 14, 1961, "al'd" and signed his name as "Acting Judge of Probate."

On April 20, 1962, the husband filed a petition to vacate the decree nisi, alleging the remarriage on March 4, 1961, and the allowance of his objections on November 28, 1961, and prayed that he be permitted to be heard on the merits of his defence to the libel. On June 13, 1962, counsel for the wife filed a motion to strike the objections and to enter a decree absolute. On October 24, 1962, the regular judge of probate, who had entered the decree nisi (the second judge), wrote upon the statement of objections, "Dismissed by order of court." On the same day he allowed the motion to strike the objections and to enter a decree absolute. On November 13, 1962, the husband appealed from the orders entered on October 24, 1962.

Following the one argument in this court by counsel for the husband, we made an order that each judge of probate file a report of the material facts found by him. This has now been done. We then gave the parties leave to file briefs. The only one filed was by counsel for the wife who had not previously done so.

In the report filed by the first judge, who allowed the ob-

---

[1] On February 13, 1963, someone filed with the registry in this case what purports to be a certified copy of a decree of annulment dated January 12, 1962, entered in the Circuit Court for the County of Jackson upon a bill of complaint brought by Punschke. This is no part of the present record. That the Michigan court ruled the marriage invalid would not alter the fact that an illegal marriage was entered into. *Darrow* v. *Darrow,* 159 Mass. 262, 265–266. *Peirce* v. *Peirce,* 160 Mass. 216. *Levanosky* v. *Levanosky,* 311 Mass. 638, 640. *Boltz* v. *Boltz,* 325 Mass. 726, 728.

jections on November 28, 1961, it is found that there was a hearing at which the husband acted pro se, but that the wife's counsel was not in the court room, although he had been in the court house on that day.[1]  The first judge found the facts as to the wife's remarriage to her former husband. He ruled that the marriage was illegal and void in that she was still married in this Commonwealth, and further that she was not entitled to have the decree of divorce made absolute.

In the report of the second judge, who on October 24, 1962, allowed the motion to strike the objections and to enter a decree absolute and dismissed the objections as well, it is found that after notice there was a hearing at which counsel for the wife stated that he had requested the hearing because this judge had granted the decree nisi and "had handled the case from the outset."  At that time the second judge had in his possession certain letters from the wife in Michigan, in which, among other things, she stated that she did not know that her divorce was not fully effective when she remarried; that she would not return to the libellee, but would remain with her first husband; and that their two minor children were in Michigan with them.  The report states that on the facts before the judge it was his considered judgment that the decree should become absolute.  In making his decision he overlooked the notation made by the first judge on the statement of objections.  "This was not done deliberately or intentionally, but was an oversight . . . ."

In these highly confused circumstances the fact stands out that the second judge undertook to decide the case upon the mistaken assumption that it had not been previously decided by another judge.  There was no intention to reëxamine the rulings of the first judge.  See *Peterson* v. *Hopson,* 306 Mass. 597; *McAdams* v. *Milk,* 332 Mass. 364.  Compare *United States* v. *Wheeler,* 256 F. 2d 745, 747–748 (3d Cir.) cert. den. 358 U. S. 873.  The rulings made by the

---

[1] This is challenged in the brief of counsel for the wife, but has not been made the subject of a motion for revision filed with the first judge.

second judge on October 24, 1962, must be set aside as inadvertent and wholly unintentional.   See *Sullivan* v. *Sullivan,* 266 Mass. 228; *McLaughlin* v. *Feerick,* 276 Mass. 180, 183; *Kingsley* v. *Fall River,* 280 Mass. 395, 398.

As to the proceedings before the first judge, there is a disagreement between his findings as to what occurred before him and the recollection of counsel for the husband as set forth in his brief.   Counsel is to be given opportunity within ten days after rescript to file a motion in the Probate Court for revision of the findings.   As no final decree has been entered, the judge may in his discretion reopen the case for any purpose which seems proper to him.   See G. L. (Ter. Ed.) c. 215, § 28.

The case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*