BARBARA SILVERSTEIN *vs.* LOUIS SILVERSTEIN.

Bristol.   January 24, 1974. — March 26, 1974.

Present: HALE, C.J., ROSE, GOODMAN, GRANT, & ARMSTRONG, JJ.

*Divorce,* Decree absolute.  *Probate Court,* Decree.

In a divorce case, the court has no power under G. L. c. 208, § 21, even with the assent of both parties, to enter a decree of divorce absolute before the expiration of six months from the entry of the decree nisi. [95-97]

LIBEL for divorce filed in the Probate Court for the county of Bristol on November 13, 1973.

A question of law was reported by *Mullaney,* J.

*Louis B. Russell,* for the libellee, *& John A. Tierney,* for the libellant, joined in a brief.

HALE, C.J.   This case is here on a report of a judge of a Probate Court to the Supreme Judicial Court which was transferred to this court under G. L. c. 211, § 4A, as

amended through St. 1972, c. 740, § 2. The question for our consideration is whether, under G. L. c. 208, § 21, a judge of a Probate Court may order the entry of a decree of divorce absolute before the expiration of the six months' period set out in that section. In the case at bar, the libellee moved for the entry of such an order, and the libellant assented to the allowance of the motion. The probate judge found "sufficient cause to have allowed said motion, but question[ed her] right as a matter of law to do so." The judge denied the motion and reported the question involved in her denial.

The relevant portion of G. L. c. 208, § 21 (as most recently amended by St. 1934, c. 181), provides that "[d]ecrees of divorce shall in the first instance be decrees nisi, and shall become absolute after the expiration of six months from the entry thereof, unless the court within said period, for sufficient cause, upon application of any party interested, otherwise orders." The libellee submits that the provision "unless the court . . . for sufficient cause . . . otherwise orders" can fairly be interpreted to permit a judge to order the entry of a decree absolute before the six months' period has elapsed. We disagree. We think the construction urged by the libellee strains the ordinary meaning of the words of the statute and that such construction does not comport with the purpose or history of § 21.

In our opinion the phrase "unless the court . . . for sufficient cause . . . otherwise orders," as used in § 21, goes no further than to authorize a judge to postpone or to prevent the otherwise automatic transformation of a decree nisi into a decree absolute six months after the entry of a decree nisi. Nothing in the language of the section authorizes a judge to foreshorten that period of time. One of the principal purposes of the six months' requirement is to permit an interested party to challenge the validity of the decree nisi within that period of time by filing objections to the decree's becoming absolute. See *Templer* v. *Templer,* 347 Mass. 270, 271 (1964). Rule 84

of the Superior Court (1954)[1] and Rule 45 of the Probate Courts (1959)[2] augment the provisions of § 21 and provide a procedure for exercising such a challenge. The present Rule 84 of the Superior Court is substantially the verbatim equivalent of Divorce Rule 6 of the Superior Court (1906). See *Brown* v. *Brown,* 207 Mass. 254, 255 (1911). See also Divorce Rule 5 of the Superior Court (1887). Rule 45 of the Probate Courts "contains, at least, substantially all that was in Divorce Rule 6 of the Superior Court. . . ." *Templer* v. *Templer,* 347 Mass. 270, 271 (1964). The present Rule 45 was originally adopted in 1934 as Probate Rule (Divorce) 40, which was in turn derived from Divorce Rule 4 (1924), which was adopted shortly after concurrent jurisdiction over libels for divorce was granted to the Probate Courts (see G. L. c. 208, § 6, as amended by St. 1921, c. 466, § 1, by St. 1922, c. 532, § 5, and by St. 1922, c. 542, § 1; G. L. c. 215, § 3, as amended by St. 1921, c. 466, § 3, by St. 1922, c. 532, § 7, and by St. 1922, c. 542, § 2). *Diggs* v. *Diggs,* 291 Mass. 399, 401 (1935). The language of Rule 84 and of Rule 45 fully supports our interpretation of § 21. The latter rule "is in effect a general order that, upon the filing of a statement of objections within six

---

[1] "At any time before the expiration of six months from the granting of a decree of divorce nisi, the libellee, or any other person interested, may file in the office of the clerk for the county in which the libel is pending, a statement of objections to an absolute decree, which shall set forth specifically the facts on which it is founded, and shall be verified by affidavit. *Such decree shall not become* absolute until such objections have been disposed of by the court" (emphasis supplied).

[2] "At any time before the expiration of six months from the granting of a decree of divorce nisi, the libellee, or any other person interested, may file in the registry of probate a statement of objections to the decree becoming absolute, which shall set forth specifically the facts on which it is founded and shall be verified by affidavit. . . . The decree *shall not become absolute* until such objections have been disposed of by the court. If said petition to stay the decree absolute is subsequently dismissed by the court *the decree shall become absolute as of six months from the date of the decree nisi*" (emphasis supplied).

Silverstein v. Silverstein.

months after the entry of the decree nisi, no decree absolute shall be entered because of the mere efflux of time without some judicial disposition of the objections. It prevents a decree nisi from becoming a decree absolute by lapse of time. . . ." *Diggs* v. *Diggs, supra,* at 401.

An examination of § 21, of its statutory antecedents and of the several amendments thereto, reveals no indication of legislative intention that decrees nisi could ever be made absolute before the expiration of the six months' period.[3] The history of the statute, its purpose, its language, and the commonly accepted understanding of its terms all lead to the conclusion that the construction requested cannot be accepted.[4] See Sutherland, Statutory Construction (Sands rev.) § 45.08.

The order denying the motion for the entry of a decree absolute is affirmed.

*So ordered.*

---

[3] It would appear to us that the legislative history of § 21 suggests, if anything, a contrary intention. Neither c. 76 of the Revised Statutes of 1836, nor c. 107 of the General Statutes of 1860 (as originally enacted), contained any provision for decrees nisi. The latter chapter was amended by St. 1867, c. 222, which provided that " [d]ecrees for divorce from the bonds of matrimony may in the first instance be decrees nisi, to become absolute after the expiration of such time, *not being less than six months from the entry thereof*, as the court shall, by general or special orders direct . . ." (emphasis supplied). See also St. 1870, c. 404 (providing for a five-year interlocutory period), repealed by St. 1873, c. 371; St. 1881, c. 234; St. 1882, c. 223; St. 1893, cc. 194 and 280, amending P. S. c. 146, § 19; R. L. c. 152, § 18.

[4] The libellee has suggested that we order the entry of a decree absolute *nunc pro tunc* as of the date of the entry of the decree nisi. We do not consider this to be an appropriate case for such an order. See *Diggs* v. *Diggs,* 291 Mass. 399, 401-402 (1935). See also *Cook* v. *Cook,* 144 Mass. 163, 164 (1887), wherein the Supreme Judicial Court addressed itself to the contention that a decree absolute could have retroactive application: "There is nothing in the statutes indicating that such a decree can be made to take effect before it is signed, and we doubt the power of the court to enter such a decree *nunc pro tunc.*" The fact that, in the instant case, both parties to the divorce have consented to the libellee's motion does not confer on the court any power which it otherwise lacked under § 21 to order the requested entry.