CHARLES J. YANOLIS vs. DAVID A. YANOLIS, administrator.[1]

Norfolk. February 3, 1988. — June 7, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Divorce and Separation,* Appeal, Judgment, Death of party, Division of
property, Alimony, Stay of judgment.

Where a husband, in his notice of appeal from judgments entered respectively
on his wife's complaint for divorce and on his counterclaim, did not
challenge so much of the judgments as dissolved the marriage, and
where the husband had sought and obtained a stay of the judgments in
only the respects relating to property, those portions of the judgments
which dissolved the marriage were not stayed by his appeal and, where
the nisi period had run prior to the wife's death, the judge properly
allowed a motion, on behalf of her estate, for entry of judgments of
divorce absolute with retroactive effect. [472-474]
In a divorce proceeding there was no error in the judge's conclusions as to
alimony and child support as applied to the period between the entry of
his orders and the death of the wife about one year later. [474-475]
In a divorce proceeding the judge's division of the parties' marital assets was
warranted on the facts. [475]

COMPLAINT for divorce filed in the Norfolk Division of the
Probate and Family Court Department on February 14, 1984.

The case was heard by *Robert M. Ford, J.*

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Carole A. Romano* for Charles J. Yanolis.

*Elliot J. Mahler* for David A. Yanolis, administrator.

WILKINS, J. Doris Yanolis died before Charles Yanolis's
appeal from judgments of divorce nisi was heard but after the
date on which the judgments were to become absolute, unless
the running of the nisi period was stayed by Charles's appeal.
Charles's appeal raised no objection to the dissolution of the

[1] Of the estate of Doris A. Yanolis.

marriage, but challenged the alimony, child support, and property division portions of the judgments. He argues nevertheless that the filing of his appeal prevented the entry of judgments of divorce absolute and, because Doris died on November 12, 1986, before any judgment absolute was entered, the divorce proceedings were abated on Doris's death, citing *Diggs* v. *Diggs,* 291 Mass. 399, 401-402 (1935).

We reject this argument in the circumstances of this case and affirm the trial judge's order allowing a motion on behalf of Doris's estate for entry of a judgment of divorce absolute on Charles's counterclaim, nunc pro tunc to February 10, 1986. We also reject challenges made in Charles's original appeal to the support, alimony, and property division portions of the judgments. On our own motion we brought here Charles's appeal from the judge's order directing entry of judgment of divorce absolute nunc pro tunc, which has been consolidated with his original appeal.

In 1984 Doris filed a complaint for divorce. By counterclaim Charles also sought a divorce. On November 8, 1985, two judgments for divorce nisi were entered as separate documents. Each granted the divorce, one on Doris's complaint and the other on Charles's counterclaim. The judgment of divorce nisi entered under the name of Charles as plaintiff stated that "after the expiration of ninety days from the entry of this judgment it shall become and be absolute unless, upon the application of any person within such period, the Court shall otherwise order." See G. L. c. 208, § 21 (1986 ed.). On November 27, 1985, Charles filed a notice of appeal which referred in its text to the "Judgment and Order of the Court dated November 8, 1985," and referred in its caption to both the complaint and the counterclaim. Charles next moved, in December, for a stay of judgment in certain respects pending appeal, and, after hearing, the judge on February 6, 1986, stayed transfers of jointly held real estate pending appeal, except as to one property. The subject of the dissolution of the marriage was neither raised nor considered in Charles's request for a stay. The judge's order further directed that "[n]o other provisions of the Judg-

ment of Divorce Nisi shall be stayed."[2] This is where matters stood until Doris's death, at which time the special administrator of her estate moved for entry of the divorce absolute nunc pro tunc.[3]

Up to the time of Doris's death, neither party had objected to the dissolution of the marriage. Each had obtained the divorce he and she wanted. In his appeal Charles did not challenge the divorce granted to him on his counterclaim, nor could he have done so, even if he had wished to. Cf. *Mailer* v. *Mailer,* 387 Mass. 401, 405 (1982) (dissatisfaction with financial aspects of a judgment of divorce nisi cannot be the basis for dismissing the complaint).

The judgments nisi by their terms were to be absolute on February 10, 1986, unless otherwise ordered. Charles had sought and obtained a stay of the judgments nisi in certain respects relating only to property but not otherwise. In these circumstances, a judgment of divorce absolute should have been entered on February 10, 1986, dissolving the marriage and leaving for appellate consideration the money and property issues raised by Charles's appeal. See G. L. c. 208, § 21 (1986 ed.). The judge's nunc pro tunc order properly achieved this result.

Under Mass. R. A. P. 3 (c), as amended, 378 Mass. 924 (1979), Charles had an obligation to designate in his notice of appeal the part or parts of the judgment nisi from which he was appealing. He was not, and could not have been, appealing from the portion of the judgment nisi that awarded him a divorce on his counterclaim. His notice of appeal did not comply with the requirement that he designate the portion of the judgment from which he appealed. He should not be entitled to take advantage of this circumstance to argue now that, under

---

[2] A fair interpretation of the judge's order could be that entry of a judgment of divorce absolute dissolving the marriage was not to be affected by the appeal. However, in allowing the motions to enter judgment nunc pro tunc, the judge did not rely on this ground.

[3] There is no merit to Charles's argument that he did not have an adequate hearing on the motion to enter judgment absolute nunc pro tunc. The issue was before the judge, as his memorandum says, and the issue is purely one of law which has been fully argued here in any event.

Mass. R. Dom. Rel. P. 62 (g) (1987), the running of the nisi period was stayed by his appeal.[4]

Even if we were to treat rule 62 (g) as staying the running of the nisi period in this case, G. L. c. 215, § 24 (1986 ed.), states that a nisi period in a divorce case is stayed by the filing of an appeal "as provided in the Massachusetts Rules of Domestic Relations Procedure." Rule 62 (g) provides that, when an appeal concerning a divorce is dismissed by the appellate court, "the judgment shall become absolute as of ninety days from the date of the judgment nisi." Even if Charles's appeal could properly be treated as an attempted appeal from the divorce portion of the judgment on his counterclaim, that aspect of his appeal must be dismissed. Thereupon rule 62 (g), as sanctioned by G. L. c. 215, § 24, directs in effect that the judgment of divorce be considered absolute as of February 10, 1986. The fact that in the course of the appeal Doris died does not prevent the judge from ordering to be done retroactively both what ought to have been done and what the rules of court direct be done with retroactive effect.

We think it important in such circumstances that the portion of a judgment of divorce nisi concerning dissolution of a marriage should be considered separately from the money and property portions of the judgment. Marital status should not be placed in limbo for months or years by an appeal wholly unrelated to dissolution of the marriage. Claims of appeal in such circumstances should be precisely stated so that, if the appeal does not challenge the divorce, a judgment absolute can be entered when the nisi period has run if no objection to

---

[4] Rule 62 (g) provides: "The filing of an appeal shall stay the running of the nisi period as provided by Rule 58(c). If the appeal is subsequently dismissed by the appellate court, the judgment shall become absolute as of ninety days from the date of the judgment nisi. The filing of an appeal shall not stay the operation of any other order or judgment of the court relative to custody, visitation, alimony, support or maintenance unless the court otherwise orders."

The need for the reference to Mass. R. Dom. Rel. P. 58 (c) (1987) is not clear. In any event, it adds nothing substantive in the circumstances of this case.

the judgment becoming absolute has been filed (see Mass. R. Dom. Rel. P. 58 [c]).[5]

We turn to Charles's appeal challenging the alimony, child support, and property division portions of the judgments. He complains about certain findings and about certain conclusions drawn from those findings.

There was no error. (1) The evidence warranted a finding that Doris had little likelihood of a substantial inheritance and that Charles had a reasonable expectation of a substantial one. Those conclusions were not compelled by the evidence, but they were certainly permissible ones. (2) In determining Charles's expenses the judge was entitled to disregard amounts of so-called rent he paid to his mother. Evidence of the financial arrangements between Charles and his mother warranted the conclusion that the so-called rent was not a real obligation. (3) In light of Doris's death, the size of the alimony award and, as a practical matter, the order to pay Doris for child support can be challenged only until the date of Doris's death. The alimony and child support awards put substantial pressure on Charles in light of his weekly income and expenses. He had funds additionally available from his mother, however,

---

[5] If our conclusion expressed here provides inadequate notice to the bar that rule 62 (g) does not stay the running of the nisi period when an appeal is unrelated to the dissolution of the marriage, the judges of the Probate Court may wish to amend the Massachusetts Rules of Domestic Relations Procedure to make the matter clear. One possibility is a provision in a revised rule 62 (g) that a claim of appeal from a judgment of divorce nisi stays the running of the nisi period only if the claim of appeal explicitly states that the appeal is from that portion of the judgment nisi that dissolved the marriage.

In Massachusetts opinions that discuss the fact that rule 62 (g) stays the running of the nisi period, the courts were considering appeals which challenged the portion of the judgment dissolving the marriage (*Saltmarsh* v. *Saltmarsh,* 395 Mass. 405, 410 [1985]; *Singer* v. *Singer,* 8 Mass. App. Ct. 113, 118 [1979]) or were considering a portion of the judgment nisi that was unaffected by the stay provided by rule 62 (g) (*Dominick* v. *Dominick,* 18 Mass. App. Ct. 85, 94 [1984]). No Massachusetts opinion has ever said that an appeal unrelated to the dissolution of the marriage stays the running of the nisi period or that the death of a party while such an appeal is pending abates the proceeding so as to make improper the entry of a judgment absolute, nunc pro tunc, which should have been entered before the death.

and the proceeds of the sale of jointly owned property. We see no reason to reject the judge's conclusions on alimony and child support as applied to the period between entry of the alimony and child support orders and Doris's death about one year later.

The major marital assets were four parcels of real estate owned as joint tenants. The judge awarded Doris two parcels, having a net value of approximately $183,000, and Charles one, having a net value of approximately $91,000. He ordered the fourth parcel, with a net value of about $78,000, to be sold and the proceeds divided equally between them. The net result was that Doris received property, including the marital home, having a value of about $220,000, and Charles received property with a value of about $130,000. This division was warranted on the facts. The two children, a ten-year-old daughter and a nineteen-year-old son who was a student, lived with Doris. Doris had lesser skills, employability, and prospects of acquiring capital assets than Charles.

The judgments are affirmed, and the order that those judgments be entered as judgments absolute effective February 10, 1986, is affirmed. The parties' respective motions for costs and attorney's fees on appeal are denied. The award of counsel fees in other respects is for the trial judge.

*So ordered.*