EDWIN A. HAMILTON, JR. *vs.* CAROL MILLS HAMILTON. No. 88-P-733. June 5, 1989. *Divorce and Separation*, Judgment, Annulment. *Estoppel.*

On December 23, 1987, Edwin Hamilton (Hamilton) filed a complaint in the Middlesex Probate Court for an annulment of his second marriage. He challenges on appeal the order of a Probate Court judge dismissing his complaint.

The facts are not in dispute. Hamilton had first been married to Margaret A. Hamilton (first marriage). She filed for a divorce in 1984. On August 20, 1985, a judgment of divorce nisi was entered. In that judgment, however, the Probate Court judge ordered that it be entered nunc pro tunc, as of May 20, 1985. As a result of the judge's action, the judgment of divorce purportedly became absolute on August 20, 1985, the date that the judgment nisi entered. Shortly after that date, on October 14, 1985, Hamilton married Carol Mills Hamilton (second wife).

In his complaint for an annulment of his second marriage, Hamilton claimed that he was not validly divorced from his first wife on the date of that second marriage because the Probate Court judge lacked the power to eliminate the nisi period in the judgment that purportedly dissolved his first marriage. Accordingly, he argued that his second marriage was void because he was then still married to his first wife. Hamilton's second wife raised

two arguments in opposing his complaint for an annulment. She contended that because it was Hamilton who sought and obtained the August 20, 1985, judgment which eliminated the nisi period, he was estopped from claiming that the judgment dissolving his first marriage was invalid and that his second marriage was now a nullity. Alternately, she claimed that Hamilton had obtained a valid judgment of divorce dissolving his first marriage and that her marriage, otherwise void because it occurred before judgment absolute, was saved by the provisions of G. L. c. 207, § 6.[1]

At a pretrial conference, the parties stipulated that the facts in the complaint were true and submitted memoranda outlining their respective positions. A Probate Court judge (not the same judge who issued the August 20, 1985, order) then issued an order dismissing Hamilton's complaint for an annulment.

In a memorandum that accompanied his order, the judge assumed, without deciding, that the Probate Court judge committed error in entering the judgment nisi, nunc pro tunc as of May 20, 1985. He ruled, however, that the error did not result in a void judgment of divorce but rather an erroneous judgment which could have been attacked on appeal by Hamilton. Because Hamilton did not appeal the "erroneous judgment" of divorce, the judge ruled that "the judgment of divorce [entered in the first marriage] is valid insofar as it relates to the [second marriage]." He ordered that the complaint for annulment be dismissed with prejudice. He did not consider in his memorandum any of the grounds raised by the second wife in opposition to the complaint for annulment.

Hamilton contends on appeal that the judge's reasoning for dismissing his complaint is misplaced, as the issue in the matter is not whether the divorce judgment of August 20, 1985, was void or erroneous but whether he was validly divorced on the date of the second marriage. He argues that even if the divorce judgment was erroneous, as the judge found, the important point was that it was not a *valid* judgment of divorce, and, without such a judgment, the second marriage was void. Therefore, Hamilton asks us to reverse the judgment of dismissal and order the allowance of his complaint for annulment.

---

[1] General Laws, c. 207, § 6, provides as follows:

"If a person, during the lifetime of a husband or wife with whom the marriage is in force, enters into a subsequent marriage contract with due legal ceremony and the parties thereto live together thereafter as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, that the former marriage had been annulled by a divorce, or without knowledge of such former marriage, they shall, after the impediment to their marriage has been removed by the death or divorce of the other party to the former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and after the removal of such impediment, and the issue of such subsequent marriage shall be considered as the legitimate issue of both parents."

There is no question that in regard to the first marriage it was error for the Probate Court judge to include in the judgment nisi filed August 20, 1985, an order that it should enter nunc pro tunc as of May 20, 1985. *Silverstein* v. *Silverstein*, 2 Mass. App. Ct. 94, 95 (1974) ("Nothing in the language of [G. L. c. 208, § 21,] authorizes a judge to foreshorten [the nisi period]"). However, it does not necessarily follow that a valid judgment of divorce did not enter as to the first marriage.

The judge had the power to enter a judgment nisi on August 20, 1985. He did not, however, have the power or authority to make that judgment nunc pro tunc. That excessive language may be ignored, leaving the judgment nisi as having entered on August 20, 1985. Once the judgment nisi entered, a judgment absolute must be entered ninety days later if no objection to the judgment becoming absolute has been filed. *Yanolis* v. *Yanolis*, 402 Mass. 470, 473-474 (1988). Also see G. L. c. 208, § 21. Here, neither party to the first marriage objected to the dissolution of that marriage. Therefore, we rule that in these circumstances, a valid divorce judgment as to that marriage is deemed to have entered ninety days after the entry of the judgment nisi on August 20.

Hamilton, however, entered into the second marriage during the nisi period. Therefore, that marriage is void (*Ross* v. *Ross*, 385 Mass. 30, 35 [1982]), absent validating circumstances. Those circumstances include whether the provisions of G. L. c. 207, § 6, have been met by either of the parties.

This matter reached us on a record wherein the parties stipulated that the facts alleged in the complaint for annulment were true. There is nothing in that record indicating whether one of the parties entered the second marriage in good faith, an essential provision of G. L. c. 207, § 6. Although the second wife argued to the judge that the statute saved the marriage, the judge never addressed that consideration. Nor did the judge rule on the second wife's argument that Hamilton was estopped from claiming that the second marriage was void.

Therefore, we reverse the judgment dismissing the complaint for annulment and remand the case for a hearing on whether the complaint should be allowed. The judge should first consider the applicability of G. L. c. 207, § 6, to this matter, and then, if necessary, consider the second wife's claim that Hamilton is estopped from challenging the validity of the second marriage under the principles articulated in *Poor* v. *Poor*, 381 Mass. 392, 395-397 (1980).

*So ordered.*

*Fredric L. Ellis* for the Edwin A. Hamilton, Jr.