HELENE B. DUCKETT *vs.* WILLIAM R. DUCKETT. No. 88-P-696. June 16, 1989. *Divorce and Separation,* Division of property.

In his appeal from a judgment of divorce, the husband does not contest the Probate Court judge's findings of fact (summarized in the next paragraph). His principal objection is that, in making an equitable distribution of the marital estate under G. L. c. 208, § 34, the judge did not aggregate the respective debts of the marital partners and then allocate them equally. Rather, the judge left each party to settle his or her debts.

The Ducketts entered into marriage in 1972. They had three children, all of whom are in the wife's custody. The husband has operated his own funeral home out of the family dwelling in Sudbury since 1976. In terms of volume, the business has been a success, but financial mismanagement by the husband has kept prosperity from the Ducketts' grasp. The judge concluded that the debts of the business offset the relatively insignificant value ($39,000) of the tangible assets and goodwill. The husband's personal expenditures are likewise beyond the means of the couple. The wife, who has her own career as a schoolteacher, is, however, fiscally responsible. These money differences contributed to the dissolution of the marriage.

1. *Divorce.* No appeal has been taken from so much of the judgment of divorce nisi as granted the divorce and the divorce is, therefore, absolute as of November 11, 1987. *Yanolis* v. *Yanolis*, 402 Mass. 470 (1988). *Freitas* v. *Freitas*, 26 Mass. App. Ct. 196, 200 n.6 (1988). (During the pendency of the appeal, the wife had opposed entry of a final judgment of divorce, but she withdrew that objection at argument.)

2. *Allocation of debts and personal property.* The husband's claim that the judge erred in not making a fifty-fifty split of the debts and personal

property of the marital estate rests upon a passing remark in the judge's findings that the division of assets should be "equal." Mathematical precision is not, of course, required in making an equitable division of property under G. L. c. 208, § 34. *Downing* v. *Downing*, 12 Mass. App. Ct. 968, 969 (1981). *Fechtor* v. *Fechtor*, 26 Mass. App. Ct. 859, 861 (1989). Here, the judge could reasonably decide to leave each marital party to his or her debts in view of the finding that the husband had been profligate in incurring personal and business debts. Since, under the judgment, the wife will not receive alimony, the judge properly exercised his discretion by leaving the most significant item of personal property, the wife's pension plan, in her hands. Compare *Dewan* v. *Dewan*, 17 Mass. App. Ct. 97, 101-102 (1983). The division was consistent with the parties' individual responsibility for the accrual of their aggregate assets and liabilities. See *Savides* v. *Savides*, 400 Mass. 250, 251, 253 (1987); *Johnson* v. *Johnson*, 22 Mass. App. Ct. 955, 956 (1986); *Bacon* v. *Bacon*, 26 Mass. App. Ct. 117, 119-122 (1988). It would have been helpful had the judge expressed more clearly his reasoning and conclusions about debts and personal property which we think are implicit in the findings and judgment.

3. *Real estate*. The sole substantial asset of the marriage readily convertible into cash was the family domicil, which doubled as a funeral home. The judge divided the house equally and provided for a reasonable buy-out arrangement, which allowed the husband to keep his business intact. On a cross-appeal, the wife attacks the judge's finding that the funeral home business, except for the real estate, had no value. While not an irrefutable finding, it was far from clearly erroneous. See *Sarrouf* v. *New England Patriots Football Club, Inc.*, 397 Mass. 542, 550-551 (1986); *Fechtor* v. *Fechtor*, 26 Mass. App. Ct. at 863. Contrast *Caldwell* v. *Caldwell*, 17 Mass. App. Ct. 1032, 1033-1034 (1984).

4. *Counsel fees*. The wife has asked for the counsel fees and costs she incurred on appeal. In view of the cross-appeal we are disposed to let the parties carry their respective legal expenses. Neither party is to have costs on appeal.

*Judgment affirmed.*

*Stephen G. Howard* for Helene B. Duckett.
*Hans R. Hailey* for William R. Duckett.