NORRIS R. KARP, special administrator,[1] *vs.* ALFRED L. AMENDOLA. No. 88-P-693. January 22, 1990. *Divorce and Separation*, Appeal, Judgment, Death of party, Findings.

The procedural posture of this action is complex, and the sequence of events is crucial to understanding this appeal. A probate judge (first judge) on July 14, 1986 entered a judgment of divorce nisi. The husband appealed. His appeal was dismissed on October 28, 1986 by the first judge on the ground of inexcusable neglect. See Mass.R.A.P. 10(c), 378 Mass. 938 (1979).[2] Had he not appealed, the judgment nisi would automatically have

---

[1]Of the estate of Marion L. Amendola.
[2]As recounted in the first judge's memoranda of October 28, 1986 and of September 3, 1987, the husband without excuse had failed to follow the requirements for ordering and paying for the cassette recordings of the trial. The husband has not shown on the record before us that the first judge's findings on this issue were erroneous.

become a judgment absolute after ninety days, namely on October 13, 1986. G. L. c. 208, § 21. On October 25, 1986, the wife was murdered. On motion of the husband, another probate judge (second judge), on November 25, dismissed the divorce action because the divorce had not become absolute at the time of the wife's death. After the wife's counsel filed a notice of appeal from that dismissal, the husband moved to dismiss the wife's appeal on the ground that her counsel had no client. At a hearing on the husband's motion, arguments were made as to whether the second judge's order should be vacated, and, on September 3, 1987, the order of dismissal of the divorce complaint was vacated by the first judge. On July 6, 1988, at the request of the special administrator of the wife's estate, the first judge entered a judgment of divorce absolute nunc pro tunc as of October 13, 1986.

The primary issue in this appeal is whether the first judge committed error in vacating the order of dismissal entered by the second judge and in entering a divorce absolute nunc pro tunc. What is really at stake is the financial order of the judgment nisi requiring the husband to convey his interest in a certain parcel of land to the wife. If the divorce action was properly dismissed because of the wife's death, the husband retains the property; if the divorce became absolute, the wife's heirs (children by a prior marriage) take the parcel. We hold that the first judge did not err.

1. *Vacating of the order of the second judge and entry of judgment of divorce absolute.* The husband's main claim, based on *Diggs* v. *Diggs*, 291 Mass. 399 (1935), is that his appeal stayed the judgment nisi and prevented the retroactive entry of a judgment of divorce absolute as of a date prior to the wife's death. It follows, he argues, that the second judge properly dismissed the divorce action and that the first judge erred in vacating that order.

There are two bases for rejecting the husband's analysis. At the time (November 25, 1986) the second judge allowed the motion to dismiss the action, the first judge had already (October 28, 1986) dismissed the husband's appeal from the judgment nisi for the reason set forth in note 2, *supra.* We agree with the first judge that the dismissal of the husband's appeal resulted in the judgment becoming absolute ninety days from the date of the judgment nisi. This conclusion follows from the policy underlying Mass.R.Dom.Rel.P. 58(c) and 62(g) (1987). Those rules, unlike the Probate Court rule in effect at the time of *Diggs* v. *Diggs*, and set forth in that opinion at 291 Mass. 401, provide for the retroactive entry of a judgment absolute as of ninety days from the date of the judgment nisi. Rule 58(c) provides for such a retroactive entry where there has been a statement of objections to the judgment becoming absolute and the petition to stay has been subsequently dismissed by the Probate Court; rule 62(g) does likewise where an appeal has been dismissed by the appellate court. The plain implication of these rules is that the dismissal of objections to the judgment nisi or the dismissal of an appeal, whether by the Probate

Court or an appellate court, results in the entry of a retroactive judgment absolute. That the dismissal of the appeal was by the probate judge rather than by the appellate court is, we think, a distinction without a difference.

The second basis for upholding the vacating of the order is that, even if we were to excuse the husband's failure and not consider his appeal to have been dismissed by the first probate judge, his appeal from the portion of the judgment dissolving the marriage would be dismissed by this court. "His notice of appeal did not comply with the requirement [of Mass.R.A.P. 3(c)] that he designate the portion of the judgment from which he appealed." *Yanolis* v. *Yanolis*, 402 Mass. 470, 472 (1988). As in that case, "[h]e should not be entitled to take advantage of this circumstance to argue now that, under Mass.R.Dom.Rel.P. 62(g) (1987), the running of the nisi period was stayed by his appeal." *Id.* at 472-473.

In *Yanolis*, the husband in a counterclaim to the wife's complaint for divorce also sought a divorce. While the husband in the present action did not do so, his answer makes clear that he was not contesting the divorce aspect of any proposed judgment. He alleged that "the only issues unresolved" related to a certain parcel of real estate. Indeed, throughout the proceedings until the time of the wife's death, neither party objected to the dissolution of the marriage. Just as in *Yanolis*, where the husband's appeal from the divorce portion of the judgment was dismissed, here, too, where the dissolution of the marriage remained uncontested throughout the trial, the husband's appeal from the divorce portion of the judgment should be dismissed. Upon dismissal of that aspect of the appeal, the retroactive provision of rule 62(g) took effect, and the judgment became absolute as of ninety days from the date of the judgment nisi. The death of the wife did not prevent the first "judge from ordering to be done retroactively both what ought to have been done and what the rules of court direct be done with retroactive effect." *Yanolis*, 402 Mass. at 473.[3] The vacating of the order of the second judge by the first judge was appropriate. See *Peterson* v. *Hopson*, 306 Mass. 597, 601 (1940).

2. *Challenge to the judge's findings*. If we were to overlook the neglect which led to the dismissal of the husband's appeal by the first probate judge, see *Doten* v. *Doten*, 395 Mass. 135, 140 (1985), and were to reach the merits of the husband's appeal, we would conclude that the husband's challenges, if any, fail. While the husband in his main brief took issue with two evidentiary matters underlying the judge's findings, he appears to have waived these points by stating in his reply brief: "[T]here can be no confusion as to what the defendant, Alfred, was appealing from. It is a single

---

[3]Rule 62(g) was amended effective July 1, 1989, to incorporate specifically the *Yanolis* policy: "The filing of an appeal shall stay the running of the nisi period . . . . only if the claim of appeal is from that portion of the judgment nisi which dissolved the marriage."

order of the [first judge] vacating the judgment of [the second judge] and ordering the entry of a decree nisi absolute. That was the sole order." Even if there was no waiver, the husband has not shown reversible error.

a. His claims that the judge excluded any evidence of the wife's drug habits and that it was prejudicial error to exclude evidence that the plaintiff was a drug addict and seller of drugs are without merit. The husband was permitted to testify as to the wife's use of drugs, and his testimony fully supports the judge's finding that the wife's use of marijuana, if any, "[was] on a social basis." The only evidence of drugs which was excluded was testimony of the wife's estranged son. There is nothing in the record to suggest that such testimony would not have been merely cumulative of the husband's evidence. The record before us contains no offer of proof to support the husband's claim that evidence was excluded which showed that the wife was a drug addict and a seller of drugs.

The husband may also not complain of the judge's ruling that the wife could choose whether to answer any inquiries that might incriminate her, as counsel for the husband did not thereafter ask her any questions on that subject. Moreover, prior to the ruling, the wife had denied that she used drugs.

b. The husband's claim that the judge could not, without expert testimony, find the wife to be in ill health fares no better. There is no requirement that there be expert testimony to show illness. The wife's testimony concerning her problems with her neck provided an adequate basis for the judge's findings that the wife was in ill health.

The order of October 28, 1986 dismissing the husband's appeal is affirmed. The order vacating the dismissal of the divorce complaint and the order entering a judgment absolute as of October 13, 1986 are also affirmed.

*So ordered.*

*Norris R. Karp* for the plaintiff.
*Francis X. Goode* for the defendant.