HARRIETT HOLZMAN ONELLO,[1] administratrix, vs.
JOHN B. TWOMEY.

No. 92-P-948.

Middlesex. November 17, 1993. - December 24, 1993.

Present: ARMSTRONG, DREBEN, & IRELAND, JJ.

*Rules of Domestic Relations Procedure. Divorce and Separation,* Death of
party, Judgment, Objections to judgment becoming final, Appeal.
*Rules of Appellate Procedure.*

In a divorce action, the husband's statement of objections was defective
under Mass.R.Dom.Rel.P. 58 (c) for failing to set forth any facts, and
no timely appeal was taken during the nisi period·from the order dis-
missing the statement of objections; there was no ground therefore for a
claim that the decree nisi had not become absolute. [674-675]
Neither a general notice of appeal that did not designate the portion of the
judgment appealed from nor an untimely amended notice of appeal op-
erated to stay a decree of divorce nisi; nor did a notice of appeal from
an amended judgment which had repeated the dissolution of the mar-
riage portion of the earlier judgment. [675-676]
The record of a divorce proceeding demonstrated inordinate delay in the
husband's prosecution of his appeal, and this court ordered the appeal
dismissed. [676-678]
A divorce absolute became effective ninety days after the divorce nisi judg-
ment entered; the husband's motion to dismiss the divorce complaint
and vacate the judgment of divorce nisi on the ground that the wife had
died was correctly denied where the divorce had become final before
her death. [678]

COMPLAINT for divorce filed in the Middlesex Division of
the Probate and Family Court Department on August 21,
1986.

A motion to dismiss the divorce complaint and to vacate
the judgment of divorce nisi was heard by *Charles J. Bowser,
Jr.,* J.

The case was submitted on briefs.

---

[1] Of the estate of Mary E. Lane (formerly Mary Lane Twomey).

*Lawrence W. Frisoli* for the defendant.

*Beth S. Herr* for the plaintiff.

DREBEN, J. After the death of his wife, the husband, citing *Diggs* v. *Diggs*, 291 Mass. 399, 401 (1935), and *Edinburg* v. *Edinburg*, 22 Mass. App. Ct. 192, 197 (1986), moved to dismiss her divorce complaint and to vacate the judgment of divorce nisi. He claimed that the judgment had not become absolute and, hence, the death of his wife abated the pending divorce action. This is an appeal from the denial of his motion. We hold that the judgment of divorce became absolute ninety days after February 21, 1990, long before the death of his wife on September 24, 1991. Accordingly, there was no occasion to dismiss the divorce complaint.

A complaint for divorce was brought by the wife in August, 1986, after forty-one years of marriage.[2] The husband opposed the divorce and claimed that his wife was not competent and was unduly influenced by their daughter. After an evidentiary hearing, a Probate Court judge, on November 29, 1989, found that the wife was competent when she filed for divorce in August, 1986, and that she "is currently competent to understand the concept of divorce and . . . wants a divorce."[3] In reaching his conclusion, the judge noted that the husband had not produced any evidence that his wife was incompetent to file for divorce, that she did not understand the concept of divorce, or that she did not want to divorce John Twomey.

Several months later, in February, 1990, the judge made extensive findings and ordered that a judgment of divorce nisi be entered. The judgment is dated February 15, but it appears not to have been entered until February 21, 1990.

---

[2] By stipulation the complaint was amended to be brought under G. L. c. 208, § 1B.

[3] The judge had previously appointed Peter W. Gubellini as guardian ad litem to investigate and report to the court. In letter form, the guardian reported that the wife understood the concept of divorce, wanted a divorce, and had not been unduly influenced by the daughter. He also wrote that she was not competent "to conduct (prepare and prosecute) a divorce trial." The judge subsequently appointed Mr. Gubellini to act for her in the matter.

The judgment purported to be nunc pro tunc as of December 29, 1989.

The judge found there had been an irretrievable breakdown of the marriage. He also found that the husband had dissipated $390,000 in treasury bills, had been untruthful to the court on several occasions with respect to his assets, and had perjured himself on his September 11, 1986, financial statement. Other questionable behavior on the husband's part was noted by the judge: "The husband intentionally attempted to delay and did indeed delay the divorce proceedings with the goal of denying the wife an equitable division of the marital estate. These delay tactics were flagrant, disingenuous, and served to delay the granting of a divorce and the division of assets to which the wife was and is entitled."

At the time of the divorce nisi the wife was eighty-one years old, had suffered a stroke and had multiple medical problems. The husband was seventy-four and had a heart condition.

There were several financial aspects of the judgment. The husband was ordered to vacate the former marital home, but title was left in their joint names. He was also required to pay alimony of fifty dollars per week.

A flurry of activity followed the entry of the judgment of divorce nisi. Those here relevant were a pro se notice of appeal by the husband dated March 7, 1990, from the judgment nisi, and a motion by the wife, dated March 14, 1990, purporting to be under Mass.R.Dom.Rel.P. 59(a) (1975), for reconsideration of the division of property. Accompanying her motion for reconsideration was an explanation for her late filing, namely that she had not received notice of the judgment until March 2.

The judge entered an amended judgment also dated February 15, nunc pro tunc, December 29, 1989, accompanied by a memorandum dated March 28, 1990, which stated that the wife "does not have long to live." The new judgment, which we treat as having been entered on March 28, differed from the previous one in that it required the husband to convey his rights in the marital home to the wife, while retaining

a twenty percent interest in the net proceeds if the property were sold, or in its fair market value, if the wife died before it was sold. No alimony was to be paid.

On March 29, 1990, pursuant to Mass.R.Dom.Rel.P. 58(c) (1989), the husband filed a statement of objections to the judgment becoming absolute, accompanied by an affidavit. On April 2, he filed an amended notice of appeal specifically challenging the dissolution of the marriage, and, on April 12, he filed an amended notice of appeal from the amended judgment.[4]

The husband relies on his statement of objections and his notices of appeal to support his claim that the decree nisi had not become absolute at the time of the wife's death. He points out that despite the purported entry of the divorce nisi nunc pro tunc as of December 29, 1989, the judge had no power to foreshorten the nisi period in this fashion. Our cases support his position, *Silverstein* v. *Silverstein*, 2 Mass. App. Ct. 94, 95 (1974); *Hamilton* v. *Hamilton*, 27 Mass. App. Ct. 1151, 1153 (1989), and we agree, at least in the circumstances of this case, that the date for the original judgment to become absolute was ninety days after the entry of the judgment nisi on February 21, 1990. We turn next to the various documents relied on by the husband.

1. *Statement of objections.* Massachusetts Rule of Domestic Relations Procedure 58(c) requires that the statement "set forth specifically the facts on which it is founded." This the statement did not do, but merely asserted that "the

---

[4]The husband also filed a number of motions dated April 1, 1990, which were all denied:

> a. a motion to continue the hearing on his objections claiming that counsel needed additional time to prove that the husband had not wasted marital assets of $390,000 and "to obtain evidence that will show the plaintiff was not competent at the time she filed for divorce nor at the present time";
> b. a motion to stay the running of the nisi period, claiming he had complied with *Yanolis* v. *Yanolis*, 402 Mass. 470, 472-474 (1988);
> c. a motion to allow an amended notice of appeal saying he failed to indicate the specific issues as required by *Yanolis* v. *Yanolis, supra*;
> d. a motion to stay the judgment of divorce nisi;
> e. a motion to stay the amended judgment of divorce nisi.

amended judgment of divorce nisi dated December 29, 1989, incorrectly identifies marital assets, incorrectly finds the plaintiff competent, incorrectly finds a lack of undue influence exerted on the plaintiff by her daughter, and incorrectly divides that marital asset being the primary residence as between myself and the plaintiff." The accompanying affidavit merely repeated what was in the statement. Basically defective, the statement was not one "the filing of which would prevent the decree nisi from becoming absolute." *Gailis* v. *Gailis*, 1 Mass. App. Ct. 253, 255, *S.C.*, 364 Mass. 832 (1973).[5] The statement of objections was endorsed "denied" on April 2, 1990.

While a timely appeal during the nisi period from an order dismissing a statement of objections complying with rule 58(c) would stay the running of the nisi period, see *Saltmarsh* v. *Saltmarsh*, 395 Mass. 405, 410 (1985), the husband took no such appeal. Both for the reason that the statement did not comply with rule 58(c) and that there was no appeal taken from the dismissal, the statement of objections cannot be relied upon to prevent the decree nisi from becoming absolute.

2. *Notices of appeal.* The March 7 notice of appeal from the February 21, 1990, judgment merely stated that the husband "pro se . . . makes notice of his Appeal to the order . . . of Judgment of Divorce Nisi (nunc pro tunc) to December 29, 1989." This general notice "did not comply with the requirement that he designate the portion of the judgment from which he appealed." *Yanolis* v. *Yanolis*, 402 Mass. 470, 472 (1988). Mass.R.Dom.Rel.P. 62(g).[6]

---

[5]It will also be remembered that the judge had previously found that the husband had not produced any evidence of incompetence and that although the complaint for divorce had been filed in August, 1986, the husband in April, 1990, still needed to obtain evidence as alleged in his request for a continuance. See note 4, item a, *supra.*

[6]Following the suggestion in *Yanolis* at 474 n.5, rule 62(g) was amended. The amended rule is applicable to these proceedings and the relevant portion now reads: "The filing of an appeal shall stay the running of the nisi period as provided by rule 58(c) only if the claim of appeal is from that portion of the judgment nisi which dissolved the marriage."

The amended notice of appeal filed on April 2, 1990, was not timely filed as it was beyond the thirty-day period provided in Mass.R.A.P. 4(a), as amended, 395 Mass. 1110 (1985). Since the wife's motion for reconsideration under rule 59 was not timely, that motion did not extend the time for filing the husband's appeal. See *Albano* v. *Bonanza Intl. Dev. Co.*, 5 Mass. App. Ct. 692, 694 (1977). Moreover, the judge did not err in refusing to allow the husband to amend his notice of appeal and to treat it as a request for an extension under Mass.R.A.P. 4(c). See note 4, *supra.* The husband showed no excusable neglect and the judge could correctly conclude in view of the previous lack of evidence, the continuing delay, and the motion for a continuance, that the husband had little basis for the challenge to the dissolution of the marriage.

The April 12, 1990, notice of appeal from the amended judgment of March 28, 1990, presents a closer question, but we conclude that it, too, did not operate to stay the decree nisi. The motion to amend the judgment did not, as we have indicated, extend the time for filing the notice of appeal from the dissolution of the marriage. Although the amended judgment repeated the dissolution of the marriage portion of the February 21, 1990, judgment, that repetition did not, we think, authorize or require a new appeal from the unchanged portion of the judgment of February 21, 1990, which dissolved the marriage. Cf. *Finn* v. *McNeil*, 23 Mass. App. Ct. 367, 369-371 (1987).

3. *Dismissal of appeal.* Even if the notice of appeal from the amended judgment were not untimely for purposes of challenging the dissolution of the marriage, we reach the same result under Mass.R.A.P. 3(a), 378 Mass. 927 (1979). In relevant part that rule provides that:

> "[F]ailure of an appellant to take any step other than the timely filing of a notice of appeal shall not affect the validity of the appeal, but shall be ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal."

The significance of the rule is that we are authorized to exercise our own judgment as to what is appropriate in the circumstances of a given case. *Mailer* v. *Mailer*, 387 Mass. 401, 407 (1982). The probate docket here shows inordinate delay by the husband.

While there are numerous entries after the amended judgment including, inter alia, the appointment of a special master (to convey deed), a contempt judgment, an order to the sheriff to remove the husband from the marital home, and several notices of appeal by the husband from these orders, none of them relates to the appeal from the judgment nisi. The entries relevant to that appeal show that the transcripts of the hearing days devoted to the question of competence of the wife were filed on June 19, 1990. At that time the record for the appeal from the judgment nisi could and should have been assembled.[7] Nevertheless, subsequent to that date there was no action taken by the husband until December 9, 1991, at which time he moved to dismiss the complaint because of his wife's death. The docket also shows that on May 20, 1992, there was a "request for assembly of the record."

"The responsibility for expediting an appeal [rests] squarely on the appellant." *Vyskocil* v. *Vyskocil*, 376 Mass. 137, 139 (1978). "Appellees, particularly, are entitled to the progress of appeals with reasonable dispatch and to some protection against purposeful stretching out of appellate proceedings." *Points East, Inc.* v. *City Council of Gloucester*, 15 Mass. App. Ct. 722, 726 (1983). "Marital status should not be placed in limbo for months or years" by deliberate delay. Cf. *Yanolis* v. *Yanolis*, 402 Mass. at 473. In a divorce proceeding where, as here, there are many orders which are appealed, the appellant cannot just let the papers languish; in such a case it is not reasonable to expect the clerk, on his or her own motion without a request, to assemble the record. Cf. *Patten* v. *Mayo*, 23 Mass. App. Ct. 657, 659 (1987).

---

[7]If additional transcripts were needed, there was clearly ample time for the husband to procure them.

The appellant has a duty to make such a request and to assist in selecting the relevant papers.

The husband who, as the judge found, delayed at every turn prior to the divorce nisi, continued that practice after the judgment nisi. Moreover, the record strongly suggests that there was no merit to his challenge to the dissolution of the marriage. At no time did he present any evidence or allege any facts in support of his claim that his wife was incompetent. Any appeal he may have from the amended judgment nisi should, in these circumstances, be dismissed for lack of prosecution. Accordingly, even if the notice of appeal to the amended judgment preserved any rights, we order that appeal to be dismissed. Upon such dismissal, rule 62(g) provides for a retroactive entry of a judgment absolute as of ninety days from the date of the judgment nisi. See *Yanolis* v. *Yanolis*, 402 Mass. at 473; *Karp* v. *Amendola*, 28 Mass. App. Ct. 929, 930 (1990).

In sum, we hold the divorce absolute became effective as of May 22, 1990, that is, ninety days after the divorce nisi judgment entered on February 21, 1990. A declaration to this effect is to enter on the docket of the Probate Court. The order denying the motion to dismiss the divorce complaint and to vacate the judgment of divorce nisi is affirmed.

*So ordered.*