3 Mass. App. Ct. 361       361

Dennis *v*. Dennis.

ELLEN D. DENNIS *vs.* HARVEY M. DENNIS.

Middlesex. April 16, 1975. — June 25, 1975.

Present: HALE, C.J., ROSE, & ARMSTRONG, JJ.

*Probate Court,* Revocation of decree, Appeal, Counsel fees. *Divorce,* Alimony. *Decree,* Revocation.

A probate judge had no authority to vacate a decree nisi several months after it was entered, on the ground that it had been entered prematurely because of a clerical error, and to order a new decree entered where there was no evidence of clerical error and where alimony and support payments had been ordered to begin three days after the date of the original decree. [362]

LIBEL for divorce filed in the Probate Court for the county of Middlesex on February 26, 1973.

The case was heard by *Martin, J.*

*Robert Cohen* for the libellee.

*David E. Neitlich* for the libellant.

ROSE, J. This is a libel for divorce in which a decree nisi was originally entered on April 17, 1974. On September 5, 1974, the probate judge vacated the decree, purportedly on the ground that it had "been entered prematurely due to clerical error," and ordered the entry of a new decree identical in all respects to the first one, except, of course, for its date of entry. The libellant, Ellen, appeals from the order vacating the April 17 decree and from the disallowance of her application for counsel fees. The libellee, Harvey, claims that it was error to order that he convey to the libellant his interest in the marital domicile. Both parties filed timely notices of appeal with respect only to the September 5 decree.[1] See G. L. c. 215, § 9, as amended by

---

[1] Apparently, notice of the entry of the April 17 decree was not sent to the libellee until after the statutory period for claiming an appeal

St. 1973, c. 1114, § 65, effective July 1, 1974. The evidence is not reported, but the judge made a report of material facts.

1. A judge has authority to vacate a decree in order to correct it when the decree does not conform to the decision actually made by him. See *Webb* v. *Cohen,* 280 Mass. 292, 293-294 (1932); *Chagnon* v. *Chagnon,* 300 Mass. 309, 311-312 (1938); *Allen* v. *Moushegian,* 320 Mass. 746, 755 (1947). However, in this case, there is nothing to support the conclusion that the decree was entered prematurely on April 17 by virtue of a clerical error.[2] Moreover, the original decree ordered alimony and support payments to begin on April 20, 1974, and thus could not have been intended for entry on September 5, 1974, because, apart from the realities of the situation, "[a] decree for permanent alimony cannot properly be made under G. L. c. 208, § 34, before a decree nisi . . . is entered." *Eldridge* v. *Eldridge,* 278 Mass. 309, 314 (1932). Since the judge was without authority to vacate the April 17 decree, that decree is still in force.

2. The claim of the libellee that the probate judge erred in ordering him to convey his interest in the marital domicile as part of the alimony decree is not properly before us. No timely claim of appeal was filed in the probate court from the April 17, 1974, decree (see G. L. c. 215, § 9, as in effect prior to St. 1973, c. 1114, § 65, effective July 1, 1974), and no petition for leave to appeal late was filed within one year from the entry of that decree. G. L. c. 215, § 15. See *Sheinkopf* v. *Eskin,* 367 Mass. 573, 576-577 (1975). We

---

had expired. See G. L. c. 215, § 9, as in effect prior to St. 1973, c. 1114, § 65, effective July 1, 1974. The probate judge lacked the power to extend the time period within which to claim an appeal. See *Golden* v. *Crawshaw,* 302 Mass. 343, 344 (1939); *Boston* v. *Santosuosso,* 308 Mass. 202, 209-210 (1941); *Commonwealth* v. *Rodriquez,* 333 Mass. 501, 502 (1956). The proper remedy in this situation was to petition under G. L. c. 215, § 15, for leave to file a claim of appeal late. Cf. *Liberty Mutual Ins. Co., petitioner,* 298 Mass. 75 (1937); *Sheinkopf* v. *Eskin,* 367 Mass. 573, 576-577 (1975).

[2] The record indicates a strong likelihood that the judge's purpose in vacating the April 17 decree was to give the libellee an opportunity to appeal late from that decree. See note 1, *supra.*

might add, however, that there is no showing on this record of any abuse of discretion by the probate judge in ordering the libellee to convey to the libellant his interest in the real estate. Contrary to the suggestion of the libellee in his brief, this provision of the decree was not intended merely to ensure support for the libellant and children in the event that the libellee defaulted on the weekly alimony payments but was, rather, a part of the alimony award itself.[3] See *Kahn* v. *Kahn,* 353 Mass. 771 (1968). ("Alimony may be awarded by way of a gross sum and instalments and a transfer of property in a single case ….") See also *Topalis* v. *Topalis,* 2 Mass. App. Ct. 530, 532 (1974). Contrast *Blitzer* v. *Blitzer,* 361 Mass. 780, 783, 784 (1972).

3. Nor is the libellant's claim that the judge abused his discretion by not allowing her application for counsel fees (see *Coe* v. *Coe,* 320 Mass. 295, 307-308 [1946]; *O'Brien* v. *O'Brien,* 325 Mass. 573, 578 [1950]) properly before us. Once the decree had been entered on April 17, 1974, there was then no proceeding, original or subsidiary, pending before the court incidental to which the award of counsel fees could be made, and the judge was without power to allow an application under G. L. c. 208, § 38. See *Hayden* v. *Hayden,* 326 Mass. 587, 594-595 (1950). See also *Untersee* v. *Untersee,* 299 Mass. 417, 424 (1938). While the libellant's failure to preserve her right of appeal was not entirely of her own doing, we are constrained to follow *Hayden* v. *Hayden, supra.* The libellant failed to enter a timely claim of appeal in the court below from the entry of the decree on April 17 (the critical date for the commencement of the twenty-day period for claiming an appeal under G. L. c. 215, § 9, as in effect prior to St. 1973, c. 1114, § 65), and also failed to file a petition for leave to appeal late within one year from the entry of that decree. G. L.

[3] In his report of material facts, the judge found the reasonable needs of the libellant and children to be $1,000 per month, plus medical and dental expenses. However, the decree orders periodic payments amounting to only $150 per week. We infer, therefore, that the order of the transfer of the libellee's interest in the marital domicile, valued at $7,000, was intended as an integral part of the alimony award.

c. 215, § 15. Consequently, we are without jurisdiction to hear the libellant on the question of the judge's refusal to award her counsel fees.

The September 5, 1974, decree is reversed, the order vacating the April 17, 1974, decree is reversed, and the said April 17, 1974, decree is reinstated. Costs of appeal are not awarded to either party.

*So ordered.*