DORETTE A. CROSSMAN *vs.* PAUL J. CROSSMAN, JR. July 18, 1980. The plaintiff has filed timely appeals from judgments entered in a Probate Court on March 20, 1979, dismissing her complaint for divorce and granting the defendant a divorce on his cross complaint. She also appeals from the denial of her motions for the allowance of counsel fees and for findings of fact.

1. On the basis of the facts that the trial judge could have found from the portions of the transcript before us, a divorce for cruel and abusive treatment, G. L. c. 208, § 1, could have been granted to either or both of the parties. See *Reed* v. *Reed*, 340 Mass. 321, 322-323 (1960). We cannot say that the judge's actions in dismissing the wife's complaint and in granting a divorce on the husband's complaint were clearly erroneous. See *Manning* v. *Manning*, 5 Mass. App. Ct. 795 (1977).

2. The plaintiff argues that the judge abused his discretion in not assigning any intangible assets to her and in not ordering the defendant initially to pay her any more than $2,500 in lump sum alimony. She also claims that it was an error of law to deny her motion for findings of fact to clarify whether the judge considered the factors listed at G. L. c. 208, § 34. As the judge made no findings of fact that show whether he considered each of the § 34 factors, we are unable to determine whether his decisions on alimony or the assignment of property in lieu of alimony constituted an abuse of discretion. See *Rice* v. *Rice*, 372 Mass. 398, 401-403

(1977). When making an award under § 34 of alimony or of property in lieu of alimony, the judge "must make findings which show that he weighed all the statutory factors in reaching his decision, whether or not findings of fact are requested by a party pursuant to rule 52(a) of the Massachusetts Rules of Domestic Relations Procedure." *King* v. *King,* 373 Mass. 37, 40 (1977). *Trudel* v. *Trudel,* 8 Mass. App. Ct. 939 (1979). *Curtis* v. *Curtis,* 9 Mass. App. Ct. 842 (1980).

3. Twelve days after the judgments were entered, the plaintiff filed a motion for the allowance of counsel fees. The Probate Court had the power to award counsel fees under G. L. c. 208, § 38, only as an incident to a pending proceeding. *Untersee* v. *Untersee,* 299 Mass. 417, 424 (1938). *Hayden* v. *Hayden,* 326 Mass. 587, 595 (1950). *Dennis* v. *Dennis,* 3 Mass. App. Ct. 361, 363 (1975). As final judgments had been entered in the actions and there was no pending proceeding before the court to which the motion could attach, the judge properly denied the motion. However, as our action on the judgment entered on the cross complaint deprives it of finality for the purposes of G. L. c. 208, § 38, the plaintiff should be given leave to file a new motion for counsel fees. Compare *Hayden* v. *Hayden,* 326 Mass. at 595 (reversal of decree dismissing a libel for divorce and remand for the entry of a decree granting a divorce permits the libellee to have her costs determined as an incident to the new decree). See *First Natl. Bank* v. *Sullivan,* 4 Mass. App. Ct. 414, 419-420 (1976).

The judgment dismissing the plaintiff's complaint is affirmed. We remand on the defendant's cross complaint to the Probate Court for the judge to making findings of fact pursuant to G. L. c. 208, § 34, and to hold a hearing in connection therewith should he deem it necessary. We do not at this time change the prior order issued under § 34, but leave to the probate judge to make any changes that he might deem appropriate. See *Gilmore* v. *Gilmore,* 369 Mass. 598, 606 (1976).

*So ordered.*


*Dorothy L. Green* for the plaintiff.
*Cynthia Spinola* for the defendant.