STEVEN C. FREITAS *vs*. CAROLYN A. FREITAS.

No. 87-853.

Worcester. April 11, 1988. — July 12, 1988.

Present: BROWN, CUTTER, & KASS, JJ.

*Divorce and Separation,* Judgment, Attorney's fees. *Judgment,* Relief from judgment. *Practice, Civil,* Judgment, Relief from judgment.

A motion under Mass.R.Dom.Rel.P. 60 (b) (6) may not, except under compelling or extraordinary circumstances, be a vehicle for an application for counsel fees and costs after judgment in a divorce action. [199]

After a judgment of divorce nisi, a judge of the Probate Court possesses jurisdiction during the nisi period to entertain a motion for legal fees and costs. [200-201]

A probate judge's findings and determination with respect to an award of attorney's fees in a divorce action were supported by the record of an evidentiary hearing. [201]

COMPLAINT for divorce filed in the Worcester Division of the Probate and Family Court Department on September 13, 1985.

The case was heard by *Francis W. Conlin,* J., and a motion to amend judgment was heard by him.

*Joseph M. Hamilton* for Carolyn A. Freitas.

*John E. Keenan, Jr.,* for Steven C. Freitas, submitted a brief.

KASS, J. Forty-four days after entry of a judgment of divorce nisi, counsel for the wife moved under Mass.R.Dom.Rel.P. 60(b) (1975) to alter the judgment so as to include the wife's reasonable attorney's fees and costs. A Probate Court judge allowed $9,000 in fees (against a claim of $29,919), and the husband has appealed. The primary ground of appeal is that, after the lapse of thirty days in which to appeal from the judgment under Mass.R.A.P. 4(a), as amended through 395 Mass. 1110 (1985), the judge lacked authority to award counsel fees. A secondary ground is that the amount of the fee was not reasonable.

1. *Counsel fees and costs after original entry of judgment.*
Costs and expenses of litigation, including counsel fees, are
allowed as an incident of a pending proceeding. After final
judgment, therefore, a court may not entertain an application
in a divorce case for counsel fees and costs under G. L. c. 208,
§ 38. *Hayden* v. *Hayden,* 326 Mass. 587, 595 (1950). *Dennis*
v. *Dennis,* 3 Mass. App. Ct. 361, 363 (1975). *Crossman* v.
*Crossman,* 10 Mass. App. Ct. 839, 840 (1980). These are the
cases upon which the husband relies in attacking any allowance
of counsel fees to the wife.

To say that costs may not be applied for and awarded after
the close of the proceeding does not, however, answer the
question posed by this appeal. The question is: Was this pro-
ceeding closed?

The purpose of a motion under Mass.R.Dom.Rel.P. 60(b)
(1975),[1] for example, is to vacate the judgment, i.e., to reopen
it, thereby expunging the element of finality which characterized
the status of the case. It remains to ask, however, whether it is
permissible for the object of recovering legal expenses to use
rule 60(b) to penetrate the finality of a judgment.

Of the six subsections of rule 60(b), the only one potentially
suitable to the purpose of applying for legal fees and costs is
clause (6), a catchall affording relief for "any other reason
justifying relief from the operation of a judgment."[2] Rule

---

[1] The text of Mass.R.Dom.Rel.P. 60(b) is the same as that of Mass.R.
Civ.P. 60(b), 365 Mass. 828 (1974). We may, therefore, look to the cases
under the civil procedure rule and the parallel Federal rule. See *Rollins
Environmental Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 179-180
(1975).

[2] Of the subsections of rule 60(b), the possibility of applying clause (1),
which authorizes motions pitched on "mistake, inadvertence, surprise, or
excusable neglect" crosses the mind, but wife's counsel has asserted no
"mistake, inadvertence, or excusable neglect." Relief is not justified under
rule 60(b)(1) for "any garden-variety oversight." *Goldstein* v. *Barron,* 382
Mass. 181, 186 (1980). *Cullen Enterprises, Inc.* v. *Massachusetts Property
Ins. Underwriting Assn.,* 399 Mass. 886, 894 (1987). The record is silent
as to why the wife's counsel postponed asking for fees, and we have no
basis for weighing the considerations discussed in *Berube* v. *McKesson
Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 429-431 (1979). See also Smith
& Zobel, Rules Practice § 60.7 (1977). Compare *DeLuca* v. *DeLuca, ante*
191, 194-195 (1988), which treats of rule 60(a).

60(b)(6) may not be used to correct error which should have been challenged by appeal. *Bromfield* v. *Commonwealth*, 400 Mass. 254, 257 (1987). *Charles Choate Memorial Hosp.* v. *Commissioner of Pub. Welfare*, 13 Mass. App. Ct. 1080, 1080-1081 (1982), and cases and authorities cited. There was no claim of error inherent in the rule 60(b)(6) motion made by the wife. She had not previously applied for counsel fees and costs, and she could not properly have appealed from the absence of any award in the original judgment.

It is the function of rule 60(b)(6) "to preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in the light of *all* the facts." *Bankers Mortgage Co.* v. *United States*, 423 F.2d 73, 77 (5th Cir.), cert. denied, 399 U.S. 927 (1970) (emphasis in original). *Good Luck Nursing Home, Inc.* v. *Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980). That tension between finality and fair play (finality itself, of course, being a form of fair play) finds voice in warnings that the rule should not be used as an instrument for relief from deliberate choices which did not work out. *Ackermann* v. *United States*, 340 U.S. 193, 198-199 (1950). *Good Luck Nursing Home, Inc.* v. *Harris*, 636 F.2d at 577. Relief under rule 60(b)(6) requires compelling or extraordinary circumstances. *Ackermann* v. *United States, supra. Bromfield* v. *Commonwealth*, 400 Mass. at 257. *Bowers* v. *Board of Appeals of Marshfield*, 16 Mass. App. Ct. 29, 33 (1983). Generally, in the interests of finality, application of the rule should have meager scope. *Ibid.* Yet courts should keep in mind the purpose of the rule to accomplish substantial justice. *Parrell* v. *Keenan*, 389 Mass. 809, 814-815 (1983). See *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 429-433 (1979) (commenting, however, on rule 60[b][1]). For that purpose, courts may construe the rule liberally. *Seven Elves, Inc.* v. *Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). There are, after all, circumstances which are exceptional. See, e.g., *Bowers* v. *Board of Appeals of Marshfield*, 16 Mass. App Ct. at 33. See, generally, 11 Wright & Miller, Federal Practice and Procedure § 2864 (1973).

Requests for legal fees and costs are so routinely a part of divorce proceedings that it is difficult to think of the failure to ask for them in timely manner as presenting circumstances which are exceptional. There is no time limit other than "within a reasonable time" for bringing a rule 60(b)(6) motion. Consequently, the possibility of a motion for fees and costs under rule 60(b)(6) would be a "wild card" capable of destabilizing divorce judgments long after they were thought final, when the case has grown cold and money and property have been distributed. As action under rule 60(b)(6) is discretionary, *Chavoor* v. *Lewis*, 383 Mass. 801, 807 (1981); *Parrell* v. *Keenan*, 389 Mass. at 815; *Berube* v. *McKesson Wine & Spirits*, 7 Mass. App. Ct. at 433-435; *Chiu-Kun Woo* v. *Moy*, 17 Mass. App. Ct. 949, 949-950 (1983), the use of rule 60(b)(6) to obtain legal expenses in divorce cases after judgment might well produce a highly disparate and unpredictable pattern of action concerning the time at which motions for legal expenses would be entertained or whether they would be entertained at all. For these reasons, we are of opinion that rule 60(b)(6) may not, in the absence of circumstances which are identifiably more extraordinary than those now before us, be used to request legal fees and costs in divorce cases.[3]

The label attached to a motion is not, however, dispositive, and we inquire whether any other basis existed for obtaining legal fees and costs after a divorce judgment nisi in this case. *Hayden* v. *Hayden*, 326 Mass. at 594-595, upon which the husband (as noted) heavily relies, was a case in which the divorce libel had been dismissed. Thereafter there was, indeed, nothing pending in the Probate Court.[4] In *Dennis* v. *Dennis*,

---

[3] We do not decide whether rule 60(b)(6) may be an appropriate means to request legal expenses after judgment in other types of civil actions, particularly those where the amount of a plaintiff's recovery may not be known with precision for some time, as might be so in a case when further administrative agency action is required.

[4] On appeal, the court reversed the dismissal of the libel and returned the case for the entry of a decree granting a divorce and for determination of questions of custody and support. With the case, thus, revived, the Supreme Judicial court said the Probate Court judge should consider an award of counsel fees to the libelee as an incident to the new decree. *Hayden* v. *Hayden*, 326 Mass. at 595.

3 Mass. App. Ct. at 363-364, we were, in the final analysis, without jurisdiction to consider counsel fees because no appeal had been timely filed. Our decision in *Crossman* v. *Crossman*, 10 Mass. App. Ct. at 840, deprived the judgment of the Probate Court of finality, and the wife was allowed to make a new motion for counsel fees on remand. It was not necessary in the *Crossman* case to face squarely the question whether entry of a divorce judgment nisi spelled the termination of pending proceedings before the Probate Court for all purposes.

In several respects the judgment in this case lacked finality. The husband had timely made a motion for a new trial (Mass.R. Dom.Rel.P. 59[a]), which had been denied March 27, 1987. He then filed on April 14, 1987, a motion to "clarify" (one supposes the motion should be seen as a motion to alter or amend the judgment, made under Mass.R.Dom.Rel.P. 59[e])[5] the court's order of March 27th. That order had slightly modified the court's original judgment. When the wife's counsel filed for legal fees on April 17th, a motion by the husband bearing on the judgment was pending, and the legal fees motion was, therefore, incident to pending proceedings.

Perhaps more to the point, the judgment which had been entered in this case was a judgment of divorce nisi, and as to such a judgment there is continuing jurisdiction for ninety days during which a statement of objections to the judgment becoming absolute may be filed. See G. L. c. 208, 21, and Mass.R. Dom.Rel.P. 58(c).[6] Cf. *Yanolis* v. *Yanolis*, 402 Mass. 470, 471-474 (1988). Unlike the circumstances in the *Hayden* case,

---

[5] If so, the motion may not have been timely because not brought forward within ten days of the order amending the judgment, which it sought further to alter. See Mass.R.Dom.Rel. 59(c). Although an order for an amended judgment had been entered, no amended judgment as such had been entered. See, however, *Lewis* v. *Emerson*, 391 Mass. 517, 518-520 (1984).

[6] The judgment nisi, to be sure, is final for purposes of appeal. A party dissatisfied with any aspect of the judgment nisi must, to preserve appellate rights, file a notice of appeal designating the part or parts of the judgment from which he is appealing. Mass.R.A.P. 3(c), as appearing in 378 Mass. 927 (1979). Mass.R.A.P. 4(a), as amended through 395 Mass. 1110 (1985). Cf. *Yanolis* v. *Yanolis*, 402 Mass. 470, 472 (1988).

there is still an original proceeding before the Probate Court. It may be dormant, but it has the capacity to erupt.

We think, therefore, that a judge of the Probate Court possesses jurisdiction during the ninety-day nisi period to entertain a motion for legal fees and costs. In acting on such a motion the judge may consider whether the burden of legal expenses has previously been factored into orders for support, alimony, and distribution of marital assets. For the very reason that legal expenses may be a significant element of the financial disposition in a divorce case, the far better practice for counsel is to request legal expenses as part of the over-all disposition, i.e., in advance of judgment. As a practical matter, counsel fees are often part of the discussion of an over-all financial award. See, e.g., *Rice* v. *Rice*, 372 Mass. 398, 399 (1977); *Hay* v. *Cloutier*, 389 Mass. 248, 251-252 (1983); *Zildjian* v. *Zildjian*, 8 Mass. App. Ct. 1, 17 (1979); *Grubert* v. *Grubert*, 20 Mass. App. Ct. 811, 816-817 (1985). In theory, the amount of allowable counsel fees may vary with the result achieved, see *Robbins* v. *Robbins*, 19 Mass. App. Ct. 538, 543 n.9 (1985), but the judge can take this factor into account in making any award.

2. *Reasonableness of the award of counsel fees.* The Probate Court judge held an evidentiary hearing on the wife's postjudgment motion for legal expenses and made careful findings of fact. He found, for example, that the wife had to date demonstrated no capacity to earn in excess of $4.50 an hour; she lived very modestly; she suffered chronic health problems; the issues in the litigation had not been novel; a fair and reasonable fee, taking into account the time spent, the nature of the case, and the results obtained, was $9,000; the husband had the financial capacity to pay that amount; and the wife could not pay that amount without hardship. Those findings have support in the record and support, in turn, the amended judgment. They are consistent with the approach discussed in *Robbins* v. *Robbins*, 19 Mass. App. Ct. 538 (1985).

The judgment, as amended to include an award of the wife's legal expenses, is affirmed.

*So ordered.*