Rup, J.
Default judgment entered in this action against the New England Recreational Systems Corporation, a/k/a Roll on America. The defendant brings this motion to vacate judgment and to remove the default, asserting the plaintiff failed to address the defendant appropriately by its corporate name in the initial filings. The defendant also claims it did not receive notice of certain proceedings.
*567 BACKGROUND
In his complaint, the plaintiff Delanot Bastien (Bastien) alleges he was assaulted by employees of the defendant’s roller skating rink (the rink) in Lancaster, Massachusetts, on June 27, 1988. New England Recreational Systems Corporation, d/b/a Roll on America, which was a Connecticut corporation,[2] operated the rink. Signs in and around the rink referred to the business solely as “Roll on America,” as did the rink’s advertising in telephone books, fliers and on cable television.
On June 12, 1991, Bastien brought this action, initially naming Roll On America as the defendant. Bastien served the summons and complaint in hand upon one of the rink’s operators, Susan Perkins (Susan). Susan gave the complaint and summons to her husband, Donald Perkins, the owner of the business, who passed it on to his attorney.
Shortly thereafter, the Perkins’ attorney, Robert M. Bailey (Bailey), sent a letter to Bastien’s counsel, Stephen Gordon (Gordon), advising him the litigation was “defective” because “there is no legal entity known as Roll On America at Town Road, Lancaster, Massachusetts.” Bailey further indicated “no action will be taken by this office until a real entity is named and properly served.” In his letter, Bailey made no mention of New England Recreational Systems Corporation, and Gordon did not contact Bailey for further particulars. The Perkins decided to take no further action on the case.[3]
The defendant did not answer the complaint or appear in the matter. On April 3, 1992, the court entered a default and directed the plaintiff “to.. . [file] and have heard a motion for default judgment and/or assessment of damages by 5/3/92 or the action [would] be dismissed without prejudice.” On April 15, 1992, Bastien filed a motion for default judgment and assessment of damages; he forwarded a copy of the motion to Roll on America, Town Road, Lancaster, MA — the same address at which he had earlier served the complaint and summons. Even though the court received Bastien’s motion on April 16, 1992, through clerical error it entered a judgment of dismissal without prejudice on May 11, 1992 for “failure to comply with [its] order dated 4/3/92.” Even though the Perkins and their counsel had taken the position that they would not take any action on Bastien’s complaint, Bailey consulted the case docket on May 13, 1992 and noted the dismissal; he advised the Perkins of it.
On May 20, 1992, the regional administrative judge (Herbert Travers, J.) ordered that the judgment of dismissal be vacated as it had been “entered inadvertently.”
After hearing on June 25, 1993, default judgment entered for the plaintiffs and the court (Thomas Connolly, J.) awarded Bastien damages in the amount of $50,000, plus interest and costs.
On September 23, 1993, Bastien moved to amend his pleadings, the judgment and the execution to name the defendant as New England Recreational Systems Corporation a/k/a Roll On America. He did not forward a copy of the motion to the defendant under either name. The court (Maria Lopez, J.) allowed his motion.
On December 27, 1994, Bastien filed an ex-parte motion for approval of a keeper attachment. The court (Barbara Lenk, J.) denied ex parte hearing and issued a short order of notice. On December 29, 1994, the defendant appeared, with counsel, to be heard in opposition to Bastien’s motion. The court (James Donohue, J.) took no action on the motion at that time.
On January 27, 1995, the defendant brought this motion pursuant to Mass.R.Civ.P. 60(b)(1), (3), and (6) to vacate judgment and remove the default.
DISCUSSION
The court has discretion to grant relief from final judgments. See Murphy v. Administrator of the Division of Personnel Administration, 377 Mass. 217, 227 (1979). It may relieve a party from final judgment for mistake, inadvertence, surprise, or excusable neglect. Mass.R.Civ.P. 60(b)(1). Fraud, misrepresentation, or other misconduct of an adverse party can also provide grounds for relief from judgment. Mass.R.Civ.P. 60(b)(3). Nonetheless, a motion for relief from judgment under Rule 60(b)(1) or (3) must be made within one year after the judgment enters — a time limit that cannot be extended. Chavoorv. Lewis, 383 Mass. 801, 803 (1981). Here, the defendant brings its motion more than one year after judgment entered; therefore, judgment cannot be vacated under either Rule 60(b) (1) or (3). Id. at 803-04.
Under Rule 60(b)(6), the so-called “catchall” provision, Freitas v. Freitas, 26 Mass.App.Ct. 196, 197 (1988), a court can vacate a judgment “wherever such action is appropriate to accomplish substantial justice.” Parnellv.Keenan, 389Mass. 809,814-15 (1983), quoting from Klapprott v. United States, 335 U.S. 601, 615 (1949). Relief pursuant to Rule 60(b)(6) must be for reasons other than those set forth in Rule 60(b)(1)-(5). Furthermore, the party moving for relief from judgment must show extraordinary circumstances exist to warrant the granting of such extraordinary relief. Murphy v. Administrator of the Division of Personnel Administration, supra, at 228 n. 13.
The defendant’s argument that it was not given notice of the action rests upon the assertion that the plaintiff initially named the defendant as Roll On America rather than by its corporate name, New England Recreational Systems Corporation. While entry of judgment based on lack of notice to the defendant of a particular matter generally falls under Rule 60(b)(1), see Bushnell v. Bushnell, 393 Mass. 462,474 (1984), where that lack of notice “constitutes a sufficiently fundamental flaw,” relief may be considered *568 under Rule 60(b)(6). Id., quoting Chavoor v. Lewis, supra at 806.
Nevertheless, relief under Rule 60(b)(6) requires compelling or extraordinary circumstances, Winthrop Corp. v. Lowenthal, 29 Mass.App.Ct. 180, 188 (1990), and “the operation of [the] rule . . . must receive ‘extremely meagre scope.’ ” Bowers v. Board of Appeals of Marshfield, 16 Mass.App.Ct. 29, 33 (1981), quoting from Rinieri v. News Syndicate Co., 385 F.2d 818, 822 (2nd Cir. 1967). The rule acts “to preserve the delicate balance between the finality of final judgments ... and the incessant command of the court’s conscience that justice be done in the light of all the facts.” Freitas v. Freitas, supra at 198, quoting from Bankers Mortgage Co. v. United States, 423 F.2d 73, 77 (5th Cir.), cert, denied, 399 U.S. 927 (1970) (emphasis in original). Nonetheless, “[t]hat tension between finality and fair play (finality itself, of course, being a form of fair play) finds voice in warnings that the rule should not be used as an instrument for relief from deliberate choices which did not work out.” Freitas v. Freitas, supra.
In the present case, I do not view the circumstances as so extraordinary as to warrant vacating this judgment. The defendant had notice of this action when its agent Barbara Perkins accepted in-hand service of Bastien’s complaint. Other than by the letter from its counsel to Bastien’s counsel, the defendant simply chose not to respond to or defend against the complaint. The defendant could have moved to dismiss or answered the complaint asserting “insufficiency of process,” “insufficiency of service of process,” or “misnomer of party.” Mass.R.Civ.P. 12(b)(4), (5), and (8). Instead, it took the position that “Roll on America” was not a legal entity. Parlaying that position into the contention that New England Recreational Systems Corporation received no notice, it now pleads ignorance of the action.
Moreover, in seeking relief, the defendant must bring its motion within a reasonable time of entry of the judgment. Mass.R.Civ.P. 60(b). While the defendant claims to have had no notice of the default judgment, it apparently made no attempt to follow up after receipt of Bastien’s motion for default judgment and assessment of damages dated April 15, 1992.[4] Given the overall duration of the defendant’s intentional neglectful conduct toward this litigation, Henderson v. D’Annolfo; Richard H. Dodge Electrical Contractors, Inc., 15 Mass.App.Ct. 413, 425 (1983), I conclude that the defendant’s motion was not reasonably timely. See Klimas v. Mitra.no, 17 Mass.App.Ct. 901 (1984) (the determination of what constitutes a reasonable time for bringing the motion is addressed solely to the judge’s discretion).
Finally, while the defendants claim to have a meritorious defense to Bastien’s claims, they have put forth nothing other than their bald assertions[5] to demonstrate as much. See, Henderson v. D’Annolfo; Richard H. Dodge Electrical Contractors, Inc., supra.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s emergency motion to vacate judgment be DENIED.

Nhe plaintiff alleges, and the defendant does not deny, that New England Recreational Systems was a defunct Connecticut corporation at the time this action was filed. Therefore, the plaintiff would likely have been unable to determine this corporate name even if it had existed at some point.

Notably, during a post-judgment deposition, Donald Perkins testified that if his business had been insured at the time of the Bastien incident, he would have forwarded the complaint to his insurer.

The court’s May 11, 1992 entry of judgment of dismissal, which Bailey saw, indicated dismissal without prejudice and that the Regional Administrative Judge or his designee could vacate the judgment.

The defendant’s motion indicates Bastien’s claim maybe time-barred. However, the incident giving rise to his complaint occurred on June 27, 1988 and he filed his complaint of June 12, 1991. Amendment of his complaint to name the correct party would relate back to the date of filing. Mass.R.Civ.P. 15(c).