RUTH M. REZENDES *vs.* VICTOR S. REZENDES.

No. 97-P-1200.

Bristol. November 19, 1998. - March 11, 1999.

Present: WARNER, C.J., BROWN, & LENK, JJ.

*Contract,* Separation agreement. *Divorce and Separation,* Separation agreement, Relief from judgment. *Judgment,* Relief from judgment. *Probate Court,* Judicial discretion. *Practice, Civil,* Judgment, Relief from judgment, Judicial discretion, Attorney's fees.

A Probate Court judge properly concluded that a five-year lapse of time, in the circumstances of divorce proceedings in Massachusetts and related litigation in Maryland, was a reasonable time within which a party could bring a motion under Mass.R.Dom.Rel.P. 60(b)(6) to amend the judgment. [440]

There was no abuse of discretion in a Probate Court judge's allowing in 1996 a motion under Mass.R.Dom.Rel.P. 60(b)(6) to amend a judgment of divorce to state that a 1981 separation agreement, adjudged in 1991 not to be fair and reasonable, was also, on the compelling and extraordinary circumstances of the case, null and void. [440-442]

Where an appeal from an order allowing relief was not wholly insubstantial, frivolous, or not advanced in good faith, the prevailing party was not entitled to attorney's fees on appeal. [442-443]

COMPLAINT for divorce filed in the Bristol Division of the Probate and Family Court Department on October 31, 1988.

Following review by this court, 35 Mass. App. Ct. 1113 (1993), a motion for relief from judgment was heard by *Elizabeth O. LaStaiti,* J., and a motion for reconsideration was heard by her.

*Dana Alan Curhan* for Victor S. Rezendes.

*Joseph P. Corona* for Ruth M. Rezendes.

WARNER, C.J. These cross appeals have their genesis in an order of the Probate Court allowing the wife's motion for relief from judgment, pursuant to Mass.R.Dom.Rel.P. 60 (1975). The husband's appeal of that order was initially dismissed by the Probate Court, but the dismissal was subsequently vacated.

Thus, while the husband appeals the order, the wife cross-appeals the vacation of the dismissal of the appeal, and, in addition, moves this court to award her attorney's fees.[1]

Ruth and Victor Rezendes were married in Massachusetts in 1967. Shortly thereafter, they moved to Maryland, where they lived together (aside from a brief separation in 1978) until they separated permanently in 1981. That same year, they executed a written separation agreement, which stated that Maryland law was to govern.

Since the separation, the wife has lived in Massachusetts, and the husband has lived in Maryland. After the separation, the wife earned a college degree in accounting; however, her increasingly poor physical condition due to multiple sclerosis has resulted in her being essentially unemployable. The multiple sclerosis, known to exist at the time of the execution of the separation agreement, formed the basis for the court's determination at the parties' 1991 Massachusetts divorce trial that the agreement was not fair and reasonable both as of the date of its execution (1981), and as of the date of the trial.

As a result of that determination, the Probate Court ordered alimony payments in amounts higher than those contemplated by the separation agreement. The husband appealed to us the judgment of the Probate Court, and, in addition, commenced an action in Maryland alleging breach of contract. On the husband's appeal, we held, in an unpublished memorandum and order pursuant to our rule 1:28, that Massachusetts law applied, and we affirmed the judgment of the Probate Court, a decision reported as *Rezendes* v. *Rezendes*, 35 Mass. App. Ct. 1113 (1993). During the pendency of the appeal the Maryland court stayed proceedings in the action filed before it.

After the decision of the Probate Court had survived appellate review in Massachusetts, the Maryland proceedings recommenced. Judgment in the trial court was granted for the wife on the first day of trial, November 11, 1995, after the wife's attorney raised the issues of jurisdiction, res judicata, and full faith and credit. The Maryland Court of Special Appeals, in an unreported decision, reversed the trial court, holding that although the Massachusetts Probate Court found the agreement not to be fair and reasonable, that finding did not render the

[1]Given our disposition of the husband's appeal, we do not reach the wife's cross appeal, other than the issue of attorney's fees.

agreement void under Massachusetts law, and thus the finding of the Probate Court did not preclude the litigation of the husband's breach of contract claim.

In 1996, the wife moved under Mass.R.Dom.Rel.P. 60(a) and 60(b)(6) (1975) to amend the divorce judgment "for clarification purposes." The wife sought, and obtained, an order stating that the agreement, in addition to being not fair and reasonable, was also null and void. That order forms the basis for the husband's appeal.

1. *The husband's appeal.* Motions under rule 60(b)(6) must be brought within a "reasonable time." Mass.R.Dom.Rel.P. 60(b)(6). The husband argues that the wife's rule 60(b)(6) motion was not filed within a reasonable time, in that a total of over five years had elapsed from the time of the initial divorce decree to the filing of the rule 60 motion. As to that point, we note that the motion judge did not find the wife's delay unreasonable. See *Parrell* v. *Keenan*, 389 Mass. 809, 815 (1983). The determination of what constitutes a reasonable time is addressed solely to the judge's discretion. *Ibid.*

In any event, when one considers the procedural meanderings of the case, the wife's five-year "delay" seems eminently reasonable. Following the probate judge's divorce judgment (handed down in November of 1991), the husband appealed to this court, which affirmed the decision below on October 29, 1993. The Supreme Judicial Court denied further appellate review on December 27 of that same year. At this point, the husband had already commenced his breach of contract action in Maryland, having done so after the divorce decree was handed down by the Probate Court. As noted, on the first day of the Maryland trial, November 11, 1995, the Maryland trial court dismissed the action on res judicata principles. That decision was appealed, and the Maryland Court of Special Appeals reversed the trial court on October 25, 1996. The wife then filed her rule 60 motion in the Probate Court on November 13, 1996, i.e., within eighteen days of when such a motion first became necessary. The issue of the nullity of the separation agreement, while perhaps lurking in the shadows for some time, became critical only as of the date of the decision by the Maryland appellate court. Thus, the five-year lapse, in these rather unusual circumstances, was reasonable. Cf. *Winthrop Corp.* v. *Lowenthal*, 29 Mass. App. Ct. 180, 188 n.9 (1990).

Turning to the substance of rule 60(b)(6), "[i]n essence, rule

60(b)(6) vests 'power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.' " *Winthrop Corp.* v. *Lowenthal,* 29 Mass. App. Ct. at 187-188, quoting from *Parrell* v. *Keenan,* 389 Mass. at 815. "It is the function of rule 60(b)(6) 'to preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of *all* the facts.' " *Winthrop Corp.* v. *Lowenthal,* 29 Mass. App. Ct. at 188, quoting from *Freitas* v. *Freitas,* 26 Mass. App. Ct. 196, 198 (1988) (emphasis original). Although "[r]elief under rule 60(b)(6) requires compelling or extraordinary circumstances," *Freitas* v. *Freitas,* 26 Mass. App. Ct. at 198; *Bromfield* v. *Commonwealth,* 400 Mass. 254, 257 (1987), "courts should keep in mind the purpose of the rule to accomplish substantial justice." *Freitas* v. *Freitas,* 26 Mass. App. Ct. at 198. *Parrell* v. *Keenan,* 389 Mass. at 815-816.[2]

Moreover, a judge's action taken pursuant to a rule 60 motion will not be reversed on appeal in the absence of an abuse of discretion. *Chiu-Kun Woo* v. *Moy,* 17 Mass. App. Ct. 949 (1983). The judge who allowed the rule 60 motion is the same judge who presided over the 1991 divorce trial. She is well acquainted with the circumstances of these labyrinthian proceedings and her determination that justice required the granting of the relief sought by the wife is entitled to deference. Cf. *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 434 (1979).

Compelling and extraordinary circumstances could be found to exist in the present case. It seems apparent from the judge's findings at the time of the 1991 divorce judgment that she intended that the separation agreement be deemed null and void. First, the judge noted that the agreement itself specifically stated that it would be incorporated into a judgment of divorce *only* upon "the approval of any court of competent jurisdiction." The judge proceeded to withhold this approval, thereby preventing the incorporation of the agreement.

Shortly after noting the agreement's requirement of approval by a court, the judge specifically declined to consider whether

---

[2]Another prerequisite to obtaining relief under rule 60(b)(6) is that the relief sought cannot fall under any of the grounds enumerated in subsections (1) through (5). *Parrell* v. *Keenan,* 389 Mass. at 815. In the present case, the husband does more than concede' that the wife clears this hurdle — he argues with some force that none of those enumerated grounds apply.

the agreement would survive as an independent contract, concluding, "it is not necessary to consider . . . whether the agreement is merged or has independent legal significance." Similarly, the judge found it unnecessary to consider whether Maryland law or Massachusetts law would apply to the interpretation of the agreement. From this we infer that the judge found it unnecessary to consider these issues because she considered the agreement to have been voided.

Also noteworthy is the fact that in the divorce judgment, the judge did not merely modify the agreement; she completely disregarded it, instead crafting a disposition which followed the factors set out in G. L. c. 208, § 34. See *Dominick v. Dominick,* 18 Mass. App. Ct. 85, 91-92 (1984). That is, although the judge found the agreement to be fair and reasonable in every respect except the provision which prohibited any amendment to the amount of alimony, the judge did not retain those portions of the agreement which she found acceptable. She cast aside the entire agreement.

While we cannot characterize the judge's failure to use express nullifying language as a mere clerical error or oversight, thus implicating rule 60(a), see *DeLuca* v. *DeLuca,* 26 Mass. App. Ct. 191 (1988); *Gagnon* v. *Fontaine,* 36 Mass. App. Ct. 393 (1994), the judge's intent is relevant to a determination that "compelling circumstances" exist. As stated, the agreement was executed in 1981. A full eighteen years later, litigation continues, both in Massachusetts and Maryland. Meanwhile, the wife remains disabled with multiple sclerosis, unable to sustain meaningful employment, despite earnest attempts to do so. Attorney's fees for both parties continue to escalate. This legal imbroglio exists, in large part, due to a misunderstanding over whether the Probate Court intended to nullify the separation agreement in its 1991 divorce judgment. While it is true that "[r]ule 60 does not provide for general *reconsideration* of an order or a judgment," *Pentucket Manor Chronic Hosp., Inc.* v. *Rate Setting Comm.,* 394 Mass. 233, 236 (1985); *Amerada Hess Corp.* v. *Garabedian,* 416 Mass. 149, 156 (1993) (emphasis supplied), a *clarification* by the probate judge was appropriate under these circumstances. There was no abuse of discretion, and the order of the Probate Court is affirmed.[3]

2. *Motion for attorney's fees.* Although we affirm the order of

---

[3]Although we uphold the order of the Probate Court, we do not imply complete agreement with the language suggested by the wife in her rule 60

the Probate Court allowing the wife's motion for relief from judgment, the husband's appeal is not "wholly insubstantial, frivolous and not advanced in good faith," G. L. c. 231, § 6F, and neither that statutory section nor G. L. c. 211A, § 15, nor Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979), applies. As a result, the wife's motion for attorney's fees is denied.

In sum, the order of the Probate Court allowing the wife's motion for relief from judgment is affirmed. The wife's motion for attorney's fees is denied.

*So ordered.*

---

motion. The probate judge allowed the wife's motion by simply writing the words "allowed after hearing" on the final page of the motion. While the order was proper, the language which the wife sought to have inserted into the divorce judgment contains certain questionable propositions. Nonetheless, for the purpose of this appeal, this fact is of no consequence. As we read the order on the rule 60 motion, it simply made clear that the Probate Court's 1991 divorce judgment had nullified the separation agreement. We regard any additional inferred dicta to be superfluous.