Hillman, J.

*83
INTRODUCTION

This case arises out of an action by Francis Harvey & Sons, Inc. (the “plaintiff’) to recover payment owed under the terms of a construction contract executed by the defendant, Northworks Properties, Inc. (the “defendant”). On May 1, 2003, the plaintiff was awarded a $444,583.45 judgment and $75,555.65 in interest by default. The court entered an execution for said judgment on June 6, 2003.
The defendant now moves, pursuant to Mass.R-Civ.P. 60(b)(3) and 60(b)(6), for relief from judgment. The defendant contends that the final judgment in this case should be set aside on two grounds: (1) that the damages were assessed by the court without an evidentiary hearing; arid (2) that the affidavits submitted by the plaintiff for the assessment of damages contained false statements regarding the sums due to the plaintiff. This matter came for hearing on January 14, 2005. After careful consideration of the written submissions and arguments of counsel, and for the reasons summarized below, the defendant’s motion is ALLOWED, subject to conditions set forth below.
BACKGROUND
On January 31, 2003, the plaintiff commenced action against the defendant for breach of the construction contract executed between the parties for the renovations of the defendant’s property located at 108-110 Grove Street, Worcester, Massachusetts (the “property”). The plaintiff alleges the amount of $444,583.45 remained unpaid on account of work performed under the contract.[1] The defendant did not answer the complaint. On March 28, 2003, the plaintiff requested a default against the defendant for failure to answer. The court allowed the default, pursuant to Mass.R.Civ.P. 55(a), and sent notices on March 31, 2003. The defendant did not respond in any manner to such default.
On April 24, 2003, the plaintiff filed a motion for default judgment and assessment of damages. The defendant did not respond to the motion. On April 29, 2003, the court granted the plaintiffs motion, assessing damages in the amount of $444,583.45 and interest in the amount of $75,555.65. Notices were sent on May 1, 2003. The defendant again did not respond to the granting of the motion. On May 7, 2003, the plaintiff filed a request for execution. The defendant did not respond to the request for execution. On June 6, 2003, execution of the default judgment was issued against the defendant in the amount of $526,540.44. The defendant did not respond to the issuance of such execution. On July 2, 2003, Chief Deputy Sheriff Alphonse J. Bove of the Worcester County Sheriffs Office advised the defendant that the property had been levied. The defendant did not respond to the information provided by the sheriff.
On November 29, 2004, the Worcester County sheriff issued a notice to the defendant that a sheriffs sale of the property is scheduled for January 11, 2005, in order to satisfy the judgment. The defendant did not take any action with the court in response to the notice of the sheriffs sale until approximately two weeks before the scheduled sale. On December 28, 2004, the defendant filed its emergency motion for preliminary injunction and for relief from judgment. The defendant urges this court to enjoin the sheriffs sale, set aside the default judgment, and conduct an evidentiary hearing on the appropriate measure of damages. On December 29, 2004, a temporary restraining order (TRO) was issued precluding the sale until further order of the court. On January 14, 2005, this court heard arguments to determine (1) whether the TRO should ripen into a preliminary injunction; and (2) whether the defendant is entitled to a relief from the default judgment.

DISCUSSION

The defendant has filed two motions relative to this matter. First, the defendant has filed a Motion for Preliminary Injunction; second, the defendant has filed a Motion for Relief from Judgment. This court has previously issued a TRO preventing the plaintiff from continuing the sheriffs sale of the property until such time as the court rules on the defendant’s motion for relief from judgment. Accordingly, the determinative motion in this matter is the defendant’s motion for relief from judgment.
The exercise of power to grant relief from a judgment rests within the sound discretion of this court. Berube v. McKesson Wine & Spirits Co., 7 Mass.App.Ct. 426, 429 (1979); see also Murphy v. Adm’r of the Div. of Pers. Admin., 377 Mass. 217, 227 (1979). Section (b) of Mass.R.Civ.P. 60 provides for relief to “a party or his legal representative from a final judgment, order or proceeding” based on one of six specified reasons. Mass.R.Civ.P. 60(b). The court may relieve a party from judgment for fraud, misrepresentation, or other misconduct of an adverse party. Mass.R.Civ.P. 60(b)(3).[2] Nonetheless, a motion for relief from judgment under Rule 60(b)(3) must be made within one year after the judgment was entered. Rule 60(b) explicitly prohibits the enlargement of Rule 60(b) time limits. The one-year limitation is absolute. Blake v. Avedikian, 424 Mass. 172, 175 (1997). It cannot be extended, Chavoor v. Lewis, 383 Mass. 801, 803 (1981), nor is it tolled on appeal. Gulf Coast Bldg. & Supply Co. v. Int’l Bldg. of Elec. Workers, 460 F.2d 105, 108 (5th Cir. 1972).
In this particular case, the default judgment was issued in April 29, 2003. The defendant’s December 28, 2004 motion for relief from judgment was clearly made more than one year after the entry of judgment. Subsequently, any arguments made by the defendant pursuant to Mass.R.Civ.P. 60(b)(3) are no longer viable for this court’s consideration.
The defendant, however, further rests its motion on Rule 60(b)(6). Under Rule 60(b)(6), the so-called “catchall" provision, Freitas v. Freitas, 26 *84 Mass.App.Ct. 196, 197 (1988), a court can vacate a judgment “wherever such action is appropriate to accomplish substantial justice.” Parnell v. Keenan, 389 Mass. 809, 814-15 (1983), quoting Klapprott v. United States, 335 U.S. 601, 615 (1949). Relief pursuant to Rule 60(b)(6) must be for reasons other than those set forth in Rule 60(b)(l)-(5). Furthermore, the party moving for relief from judgment must show compelling or extraordinary circumstances exist to warrant the granting of such relief. Sahin v. Sahin, 435 Mass. 396 (2001); Murphy, supra, at 228 n. 13; see also Winthrop Corp. v. Lowenthal, 29 Mass.App.Ct. 180, 188 (1990). The operation of the rule “must receive ‘extreme meagre scope.’ ” Bowers v. Bd. of Appeals of Marshfield, 16 Mass.App.Ct. 29, 33 (1981) (citation omitted). The rule acts “to preserve the delicate balance between the finality of final judgments and the incessant command of the court’s conscience that justice be done in the light of all the facts.” Freitas, supra, at 198 (citation omitted). Nonetheless, “(t]hat tension between finality and fair play [finality itself, of course, being a form of fair play] finds voice in warnings that the rule should not be used as an instrument for relief from deliberate choices which did not work out.” Id.
Here, the defendant simply chose not to respond to or defend against the complaint. The defendant failed (1)to file an answer within the thirty-day period provided in the Rules of Civil Procedure; (2) to remove the default, which it became aware of the entry from the notice sent by this court on March 31, 2003; and (3) to object to the assessment of damages and to the execution of the default judgment. Moreover, the defendant did not file the instant motion for relief until December 28, 2004, almost eight months from the date of the entry of the default judgment, and only after the notice of the sheriffs sale of the property. Any neglect or inadvertence was attributable to the defendant. This court does not “encourage carelessness, ignorance, laxity or finesse of practice in the courts.” Hackney v. Butler, 339 Mass. 605, 609 (1959) (citation omitted).[3] Nor does this court find the defendant’s motion was reasonably timely in light of the overall duration of the defendant’s intentional neglectful conduct toward this litigation.[4]
Nonetheless, in the interest of justice, this court must grant the defendant’s motion. While this court is offended by the defendant’s complete disregard of the legal process instituted against it (of which it had notice), resulting in the entry of default, default judgment, and execution of the judgment and should compel this court, in its discretion, to deny defendant’s motion, in its impartial task of adjudicating this case, however, this court finds the presence of a compelling and extraordinary circumstance that warrants the allowance of the defendant’s motion only as to the determination of damages. The defendant does not contest its liability to the plaintiff under the contract. Rather, the defendant asserts that the default judgment as entered with respect to the amount owed by the defendant is flawed.
The defendant’s contention that the plaintiffs affidavits, which this court relied upon in its assessment of damages, contained misstatements, which resulted in at least $318,761.45 more than what is fairly due to the plaintiff, constitutes fraud upon the court. Specifically, the defendant claims that its most recent payments of $50,000.00; $201,473.00; and $137,203.75 should be applied against the amount owed to the plaintiff. The plaintiff, however, argues that these payments were applied against the outstanding sums of the oldest open invoices for the defendant, which had yet to be paid. While it does not condone the inaction of the defendant from the time of filing of the complaint on January 31, 2003, almost a full twenty-two months, the great discrepancy in the amount owed.to the plaintiff compels this court to permit a hearing limited to the sole issue of damages.[5] Based upon the submissions of both parties, it is only through an evidentiary hearing will this court be able to determine whether there is an existence of fraud on the court. Accordingly, the defendant is entitled to a hearing on the assessment of damages, provided, however, that the defendant can prove sufficient security in the amount of the default judgment in the event that this court later confirms the amount of damages in favor of the plaintiff.

ORDER

It is therefore ORDERED that:
(1) The defendant’s, Northworks Properties, Inc., motion for relief from judgment is ALLOWED, on the issue of damages only; subject to the tendering, by the defendant, of adequate security in the amount of $526,540.44.
(2) A status/scheduling conference will be held on Friday, March 4, 2005 at 2:00 o’clock p.m. in Courtroom 16 of the Worcester Superior Court. The purpose of that conference will be to consider the adequacy of the security and to schedule a hearing on the assessment of damages if the security issues can be resolved to the satisfaction of the Court. The exact nature and the proposed form of the security shall be served upon Plaintiffs counsel not less than 5 days before the above date.
(3) In the event that, after hearing, this court finds damages to equal or closely correlate to the sum entered in the default judgment, this court will hear the plaintiffs, Francis Harvey & Sons, Inc., motion for attorneys fees and costs; and
(4) The TRO entered on December 29, 2004 will remain in effect until the conclusion of the determination of damages, at which time, if applicable, this court will reconsider the defendant’s Motion for Preliminary Injunction.

 Plaintiff asserts that it has submitted six requisitions for payments totaling $514,498.00 for work completed in accor *85 dance with the contract, but has only received one payment from the defendant in the amount of $69,914.55.

Additionally, section (b) permits action by the court for “(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; ... (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged or (6] any other reason justifying relief.” MassR.Civ.P. 60(b).

Ahe defendant did not provide any reasons for its failure to pursue its legal obligation other than the bald assertion that its President, Greg Kerkorian, was under the assumption that his business partner, Dr. Eugene Mariani, was negotiating a resolution of the plaintiffs claims. Such argument, however, has no merit. Kerkorian’s failure to inquire the status of the matter from his partner is not excusable.

Although the one-year limit does not apply to motions under Rule 60(b)(6), the motions must still be made within a reasonable time. The question of reasonable time, unlike the absolute one-year bar, is addressed solely to the court’s discretion. See Klimas v. Mitrano, 17 Mass.App.Ct. 1004 (1984) (the determination of what constitutes a reasonable time for bringing the motion is addressed solely to the judge’s discretion).

The plaintiff asserts that the default judgment in the amount of $444,583.45 and interest in the amount of $75,555.65 accurately reflects the sum owed to the plaintiff on work completed under the contract. The defendant contends that plaintiff has been paid at least $388,676.00 under the contract prior to filing its lawsuit and that the judgment does not present the accurate amount owed to the plaintiff. The defendant further asserts that the calculation of interest was flawed because only the clerk of the court, in accordance with (G.L.c. 231, §6C, can perform such calculation.