The plaintiff appeals from the denial of her amended motion for relief from judgment pursuant to Mass. R. Dom. Rel. P. 60 (b) (3), (6). Discerning no abuse of discretion, we affirm.
The plaintiff filed a pro se complaint for divorce pursuant to G. L. c. 208, § 1B, on January 25, 2016. Counsel thereafter appeared on her behalf, and the plaintiff was represented throughout the remainder of the Probate and Family Court proceedings, as well as now on appeal.[2] On August 16, 2016, a probate judge sua sponte recused herself from the case; neither party had moved for the judge's recusal. The judge explained her decision in a written order, stating that "[d]ue to the fact that the Defendant is known personally to the undersigned Judge, and to avoid the appearance of impropriety, the undersigned hereby recuses herself." The case was accordingly reassigned to a different judge. The case thereafter proceeded through litigation until April 4, 2017, when the parties entered into a separation agreement (agreement), which they submitted to the court for approval on that same day. For reasons that do not appear in the appellate record, the uncontested hearing on the agreement was conducted by the judge who had previously recused herself sua sponte. The transcript reflects neither objection to, nor surprise at, this development by either the parties or their counsel, even when the parties' views on the matter were solicited by the judge at the outset of the hearing.[3] The parties explicitly consented to the judge handling the hearing,[4] which she then proceeded to conduct. Although the hearing was not lengthy, it included counsels' recitations of the terms of the parties' agreement, and the judge's inquiry into various matters concerning the marriage and the agreement. At the conclusion of the hearing, the judge found that the agreement was fair and reasonable -- a conclusion the parties themselves had explicitly accepted and acknowledged in the agreement itself.[5] Judgment of divorce nisi entered as of that same day. Neither party appealed.
On August 21, 2017, represented by new counsel, the plaintiff filed a motion for relief from judgment pursuant to Mass. R. Dom. Rel. P. 60 (b) (3), (6). The papers associated with that motion are not in the appendix before us on appeal; however, at oral argument, plaintiff's counsel acknowledged that the motion did not raise or challenge the fact that the previously-recused judge had conducted the hearing on the agreement.
More than two months later, on November 6, 2017, the plaintiff filed an amended motion for relief from judgment, again pursuant to rule 60 (b) (3), (6). This was the first time the plaintiff argued that it was error for the judge who had previously recused herself to conduct the hearing. The amended motion, which appears to have been unsupported by affidavits, was denied after hearing. This appeal followed.
Relying on Parenteau v. Jacobson, 32 Mass. App. Ct. 97, 104 (1992), the plaintiff's primary contention on appeal is that the judge, having previously recused herself, could not -- under any set of circumstances -- participate thereafter in the case. It follows, she argues, that the judge had no authority to conduct the hearing on the agreement and, accordingly, the hearing was essentially a nullity, as was the judge's conclusion that the agreement was fair and reasonable. She concludes that, as a result, her amended motion was erroneously denied. We disagree.
"[A] judge's action taken pursuant to a rule 60 motion will not be reversed on appeal in the absence of an abuse of discretion." Rezendes v. Rezendes, 46 Mass. App. Ct. 438, 441 (1999). We discern no abuse of discretion in denying the amended motion here, given the plaintiff's failure to timely preserve the issue of whether the previously-recused judge could conduct the hearing. " Rule 60 does not provide for general reconsideration of an order or a judgment. Nor does it provide an avenue for challenging supposed legal errors, nor for obtaining relief from errors which are readily correctible on appeal. Relief under rule 60 (b) (6) will be granted only in extraordinary circumstances." (Citations and quotations omitted.) Pentucket Manor Chronic Hosp., Inc. v. Rate Setting Comm'n, 394 Mass. 233, 236 (1985). Here, the plaintiff did not appeal the judgment. Nor does she explain why she did not raise -- or, equally important, why she could not have raised -- the issue in a direct appeal of the judgment. Similarly, the plaintiff failed to raise the issue in her first rule 60 motion and, again, she provides no explanation for why she could not have done so then. In these circumstances, there was no error in denying the amended motion. See Demoulas v. Demoulas Super Mkts., Inc., 428 Mass. 543, 547-548 (1998) ("recusal motions filed after trial are presumptively untimely at least absent a showing of good cause for tardiness," and party must "make a strong showing that nothing could have been done at an earlier time").
We note further that, in her amended motion, the plaintiff neither argued nor showed that the judge failed to comply with S.J.C. Rule 3.09, Canon 2, Rule 2.11 (2016), which outlines the procedure to be followed when parties choose to waive disqualification,[6] or that the situation did not fall within the rule of necessity. Id. at comment [3]. See Hermanson v. Szafarowicz, 457 Mass. 39, 46 (2010) (burden is on movant to show entitlement to relief from judgment under rule 60 ). The absence of affidavits describing what happened prior to the case being heard is fatal. The simple fact that a judge who had previously sua sponte recused herself to avoid the appearance of impropriety later conducted an uncontested hearing -- without some further explanation of the factual circumstances of how this came to pass -- was not enough to require relief under rule 60. See Demoulas v. Demoulas, 432 Mass. 43, 52 & n.6 (2000) ; Demoulas v. Demoulas Super Mkts., Inc., 428 Mass. at 547-550 (failure to raise disqualification in timely fashion may render motion "inherently suspect" or waive issue in some circumstances); Commonwealth v. Morgan RV Resorts, LLC, 84 Mass. App. Ct. 1, 16 (2013).
For these reasons, we affirm the order denying the plaintiff's amended motion for relief from judgment. The defendant's request for attorney's fees in connection with the appeal is denied.
So ordered.
Affirmed.

The defendant was also represented by counsel throughout.

The court : "All right, so the parties have reached an agreement in all issues in the complaint for divorce[ ] filed January 25th, 2016? ... And I have recused myself in this matter previously. But both parties are comfortable with my hearing the matter today?"
Plaintiff's counsel : "That's correct, Your Honor."
Defendant's counsel : "Thank you, yes."

The defendant's brief states that the judge to whom the case had been reassigned was not available that day, that the parties wished to get the agreement approved, and that they therefore agreed to proceed with the recused judge. Because none of these assertions are contained in the record, whether by way of affidavit or otherwise, we do not consider them. We do note, however, that the assertions are not inconsistent with the record: the matter was at that point uncontested; the parties had already divided certain assets (such as the marital home) amicably; the arrangements concerning the children were resolved; the parties had exchanged financial statements and had no objections to them; and it was late in the day.

The agreement provides that "[e]ach party states that the transfers and agreements provided herein constitute a fair, reasonable, and adequate settlement of their respective rights and obligations, and that this Agreement is signed voluntarily and with the full intention that it be effective."

Rule 2.11 (C) provides as follows:
"A judge subject to disqualification under this Rule, other than for bias or prejudice under Paragraph (A)(1) [which are not at issue here], may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, outside the presence of and without participation by the judge and court personnel, whether to waive disqualification. If, following a consultation that is free from coercion, express or implied, the parties and lawyers agree that the judge should not be disqualified, the judge may participate in the proceeding. The agreement should be incorporated into the record of the proceeding."